Mr. Justice Kelley
delivered the opinion of the Court.
Geraldine Clair Wax, the plaintiff, obtained a divorce in 1968 from Donald Milton Wax, the defendant. Custody of the two children, a boy fourteen and a girl ten at the time of the decree, was awarded to the plaintiff. Prior to the decree the court had entered temporary orders for child support and alimony, none of which had been paid at the time of the decree.
The court, in the decree, awarded $200 per month for the support of the two children, but did not grant the plaintiff alimony. The family home, subject to the existing mortgage thereon, and a 1962 automobile were awarded to the wife as a property settlement. It is not clear whether the defendant has attacked the validity of the property division, but, if he has, on the facts in the record the court did not abuse its discretion.
The defendant is here attacking the $200 award for the support of the children. The plaintiff has made no appearance in this court.
*552 The award of child support is a matter to be determined by the trial judge on the basis of the facts presented. In the absence of an abuse of discretion this court will not disturb the court’s judgment.
We have examined the record and find that it supports the trial court’s judgment. The only witness at the hearing was the plaintiff. The defendant left the state of Colorado at about the time the court entered its order for temporary alimony and child support and did not choose to attend the hearing. However, he was represented by counsel.
The evidence (federal income tax return) showed that the defendant, a furniture salesman, had earned in excess of $13,000 in 1967. The evidence of what he was earning in 1968 was sketchy, the plaintiff testifying that the defendant had represented to her that he earned $100 per week.
It appeared that the daughter required special schooling and training because of brain damage received. at birth. The record also indicated that the child needed special clothing and shoes. The plaintiff worked part time to contribute to the family support and her mother furnished the balance of funds required for the necessaries of life.
In view of the uncertainty of the defendant’s actual income at the time of the award, the court was justified in relying upon his ability to earn as disclosed by his prior earning capacity, especially in view of the situation in reference to the special needs of the child. Rapson v. Rapson, 165 Colo. 188, 437 P.2d 780.
Finding no abuse of discretion upon the part of the trial court the judgment is affirmed.