**Sandra Kay BRADSHAW, Plaintiff-Appellee,**

v.

**Warren L. BRADSHAW, Defendant-Appellant.**

**No. 79CA0276.**

Colorado Court of Appeals, Div. II.

March 19, 1981.

Richard E. Hopkins, Boulder, for plaintiff-appellee.

Cathryn D. Wells, Boulder, for defendant-appellant.

VAN CISE, Judge.

The father appeals from a 1978 order increasing the amount of the child support, changing the tax exemption entitlement provided for in a 1972 divorce decree, and requiring him to pay a fee to the mother's attorney. We affirm.

This action was commenced in August 1971, and the parties were divorced in February 1972. At that time the father's gross monthly earnings were $748.50 and the mother's were $430. The divorce decree incorporated a stipulation in which the mother was awarded the custody of the two children, then aged five and two, and the father agreed to pay $100 per month sup-

port for each child. The mother was allowed to remain in the family home rent-free for five years, during which time the father would make the mortgage payments and pay the maintenance and other expenses, with the amount of the mortgage payments being credited against child support. While the mother was living in the home, each party agreed to claim one child as a dependent for income tax purposes; thereafter, he was entitled to both. The stipulation further provided that "no modification of the terms of this [stipulation] shall be valid unless effected by court order, or unless they are in writing . . . and approved by the court."

In April 1978, the mother filed a motion seeking increased child support, the right to claim at least one child as her dependent for income tax purposes, and reasonable attorney's fees. At the hearing, the court found that the father's gross monthly income had increased to $1,381.25, while the mother's was up to $726. The needs for her and the children were $991, $391 over her net take-home pay, and the father had $411 in available income over his current needs. The court ordered an increase in child support from a total of $200 to $325 per month, permitted the mother to claim one child as an income tax exemption, and awarded the mother $200 in attorney's fees.

I.

■ The father contends that the trial court failed to utilize the standard for modification of support payments prescribed in § 14–10–122(1), C.R.S.1973, "a showing of changed circumstances so substantial and continuing as to make the terms unconscionable." However, that statute is not applicable to this case, since, by its terms, all actions commenced prior to January 1, 1972, continue to be governed by the law in effect at their commencement. Section 14–10–133, C.R.S.1973.

■ The divorce law in effect in 1971 provided that the court retained jurisdiction of the action for the purpose of such later revisions of its orders pertaining to custody and support "as changing circumstances

may require." C.R.S.1963, 46–1–5(4). Under that standard an award of support for a child is always modifiable if there is any change in the needs of the child or in the ability of the non-custodial parent to pay. *Brown v. Brown*, 131 Colo. 467, 283 P.2d 951 (1955). The redetermination of the amount of support is within the sound discretion of the trial court, and is not to be disturbed unless there has been an abuse of discretion. *Wax v. Wax*, 171 Colo. 550, 468 P.2d 840 (1970).

■ The showing at the hearing as to the increased needs of the children and the husband's increased earnings justifies the $125 increase in support. There was no abuse of discretion here.

II.

The father next contends that the court abused its discretion in awarding attorney's fees to the mother. He does not question the reasonableness of the fee, but asserts that he should not have to pay it. We disagree.

■ The applicable statute, C.R.S.1963, 46–1–5(1)(e), authorized the trial court to award attorney's fees "as the circumstances of the case may warrant." Here, the court found that the mother was incapable of paying her own attorney's fees while the father was well able to pay these fees in addition to his own. The evidence supports the findings. There was no abuse of discretion in entering this order. *See Stovall v. Crosby*, 171 Colo. 70, 464 P.2d 868 (1970).

III.

Finally, the father claims that the trial court erred in ordering that the mother was entitled to claim one of the minor children as her dependent for federal and state income tax purposes. We do not agree.

■ The stipulation in this case provides for modification if "effected by court order." Even without such a provision, "parents may not by contract divest the court of continuing jurisdiction over the custodial rights and duties of maintenance of chil-

dren." *Irwin v. Irwin*, 150 Colo. 261, 372 P.2d 440 (1962). *See* C.R.S.1963, 46–1–5(4).

Entitlement to claim children as dependents for income tax purposes has a direct effect on the financial resources available, and is intimately related to the matter of child support. *In re Marriage of Habben*, 260 N.W.2d 401 (Iowa 1977). We therefore hold that an award of the right to claim dependency exemptions or a stipulation in that regard is subject to modification in the same manner as any provisions pertaining directly to child support.

Here, the changed circumstances that justified the increase in support sustain the reallocation of the right to claim dependency exemptions. There was no abuse of discretion.

Order affirmed.

SMITH and BERMAN, JJ., concur.