**In re the MARRIAGE OF Martha Martin ENGLISH, n/k/a Martha Martin, Appellant,**

**and**

**Ronald Harvey English, Appellee.**

No. 87CA0734.

Colorado Court of Appeals, Div. I.

June 2, 1988.

Joseph M. Riddle, P.C., Candace H. Bowie, Boulder, for appellant.

No appearance for appellee.

PIERCE, Judge.

Martha Martin English (mother) appeals the order entered on her motion to modify child support. She contends that the trial court incorrectly interpreted § 14–10–115, C.R.S. (1987 Repl.Vol. 6B), the child support guidelines. We reverse.

■ Mother argues that the trial court erred when it subtracted the amount deducted from father's pay as a health insurance premium for the children from the total amount of his support obligation under the guidelines. We agree.

Section 14–10–115(2), C.R.S. (1987 Repl. Vol. 6B) provides that the court may order a parent to provide medical insurance for the children separately from any child support obligation under the guidelines. Furthermore, pursuant to § 14–10–115(7)(e), C.R.S. (1987 Repl.Vol. 6B), the actual cost of maintaining a health insurance policy which covers the children, including the cost of coverage for the parent and other family members, is deducted from the parent's gross income for purposes of the guidelines.

When read together, these subsections indicate that the General Assembly did not intend to include health insurance premiums in the ordinary and necessary expenses covered by the basic child support obligation set forth in the guidelines. Therefore, health insurance premiums paid by one parent are not also deducted from that parent's child support obligation.

■ Mother also argues that the court erred by giving father almost a full 26% reduction in his support obligation for shared physical custody. She contends the evidence was overwhelming that her contribution to the children's needs was disproportionately large, and the court, therefore, should have found that it would be inequitable to follow the guidelines.

The child support guidelines establish a rebuttable presumption both of the child's reasonable needs and the manner in which that support is to be divided between the parents. Section 14–10–115(3)(a), C.R.S. (1987 Repl.Vol. 6B). However, the court may deviate from these guidelines if application would be inequitable, but if it does so, the court must make specific factual findings to support any deviation. Section 14–10–115(3)(a), C.R.S. (1987 Repl.Vol. 6B).

Here the court made no specific findings to justify a deviation, and indicated in its oral findings that mother had not established disproportionate spending. Nevertheless, the court stated that it deviated from the support obligation established by the guidelines by about $12 per month. Even this small amount of deviation must be supported by sufficient findings.

The order is reversed and the cause is remanded to the trial court to determine a new child support obligation pursuant to the guidelines set forth in § 14–10–115, C.R.S. (1987 Repl.Vol. 6B). The present child support award shall remain in effect until the new obligation is set.

TURSI and PLANK, JJ., concur.