In re the MARRIAGE OF Charles
Joseph PUGLIESE, Appellant,

and

Marlene Dona Pugliese, Appellee.

No. 87CA0892.

Colorado Court of Appeals,
Div. IV.

Aug. 11, 1988.

Ronald Cohen, Denver, for petitioner-appellant.

Marvin Dansky, P.C., Bruce E. Kirkpatrick, Westminster, for respondent-appellee.

NEY, Judge.

Charles Pugliese (father) appeals the trial court's denial of his motion to modify child support. We reverse and remand to the trial court.

When the marriage of the parties was dissolved in March 1985, father was ordered to pay $250 per month as child support for each of his two children. In November 1986, father moved to modify his child support obligation to comport with the child support guidelines then set out in Colo.Sess.Laws 1986, ch. 120, § 14-10-115 at 718. The trial court found that if the child support guidelines were to be applied, the father's child support obligation would be reduced by considerably more than 10 percent; however, it ruled that such a change would not in and of itself constitute a substantial and continuing change of circumstances mandating a modification of the father's obligation. Accordingly, the trial court denied father's motion, and this appeal followed.

█ Father contends that the trial court erred in its construction of the applicable child support statutes, Colo.Sess.Laws 1986, ch. 120, § 14-10-115 at 718 and § 14-10-122 C.R.S. (1987 Repl. Vol. 6B). We agree.

The child support guidelines were enacted to make awards more equitable by insuring more consistent treatment of persons in similar circumstances and to provide guidance to the courts in establishing levels of child support awards. Section 14-10-115(3)(c), C.R.S. (1987 Repl. Vol. 6B). To effectuate these goals the statute expressly provides:

"In any action to establish *or modify* child support, whether temporary or permanent, the child support guideline as set forth in this section shall be used as a rebuttable presumption for the establishment *or modification* of the amount of child support. Courts may deviate from the guideline where its application would be inequitable. *Any such deviation shall· be accompanied by written or oral findings by the court specifying the reasons for the deviation.*" Section

14–10–115(3)(a), C.R.S. (1987 Repl. Vol 6B) (emphasis supplied).

To modify child support, the court must find changed circumstances that are substantial and continuing. Section 14–10–122(1)(a), C.R.S. (1987 Repl. Vol. 6B). The General Assembly has mandated that if, at the time a motion for modification of child support is filed, application of the guidelines results in less than a 10 percent change in the amount of support due per month, then the change of circumstance shall be deemed *not* to be substantial and continuing. Section 14–10–122(1)(b), C.R.S. (1987 Repl. Vol 6B). We hold that this section, when read together with § 14–10–115(3)(a), C.R.S. (1987 Repl. Vol. 6B) creates a rebuttable presumption that a modification of child support must be granted whenever application of the child support guidelines would result in more than a 10 percent change in the amount of support due.

Under this holding, the trial court still retains discretion to find that the changed circumstances are not sufficiently substantial or continuing so as to modify the child support order. However, if the court deviates from the guidelines, the court must make written or oral findings specifying the reasons for this deviation. Section 14–10–115(3)(c), C.R.S. (1987 Repl. Vol. 6B).

For guidance of the court on remand, we note that on July 10, 1987, new provisions for computing child support obligations became effective to all modifications "whether filed on, prior to, or subsequent to January 10, 1987." Section 14–10–115(17) C.R.S. (1987 Repl. Vol. 6B).

The court's order is reversed and the cause is remanded for rehearing and calculation of child support consistent with § 14–10–115 C.R.S. (1987 Repl. Vol. 6B) and the entry of appropriate orders consistent with this opinion.

BABCOCK and HUME, JJ., concur.