## In re the MARRIAGE OF Margie Levern ANDERSON, Appellee,

### and

### Howard Edward Anderson, Appellant.

### No. 86CA1811.

Colorado Court of Appeals, Div. I.

Aug. 18, 1988.

Morton L. Davis, Aurora, for appellee.

Fasing and Fasing, P.C., Gregory J. Fasing, Denver, for appellant.

REED, Judge.

Howard Edward Anderson (father) appeals a trial court order increasing his child support obligation. We affirm.

In increasing the child support from $175 to $313.74 monthly, the trial court relied solely on the parties' increased income. The court found that this factor alone constituted changed circumstances so substantial and continuing as to render the prior order unconscionable.

Father contends that increased income alone is insufficient to establish an unconscionable change in circumstances. However, § 14–10–122(1)(a), C.R.S. (1987 Repl.Vol. 6B) no longer requires a finding of unconscionability. As of November 1, 1986, the statute requires only a showing of changed circumstances that are substantial and continuing. We agree with the trial court's conclusion that the parties' increased income of $1200 monthly constitutes a substantial change in circumstances. In such a case, the child's increased needs are presumed. See § 14–10–115(3)(a), C.R.S. (1987 Repl.Vol. 6B). Father presented no evidence rebutting the showing of changed circumstances or the presumption of need, nor does he contest the continuing nature of the changed circumstances. Therefore, we perceive no error.

Father nonetheless contends that the court erred in consulting the guideline set forth in § 14–10–115(10)(b), C.R.S. (1987 Repl.Vol. 6B) to determine the appropriate amount of increase. Again, we disagree.

At the time of the increase, the guideline was applicable to all child support obli-

gations arising on or after November 1, 1986. We reject father's argument that since his obligation to provide support *originated* prior to November 1, 1986, the guideline was inapplicable. A new child support obligation arises each time a modification is ordered. Since this modification was ordered after November 1, 1986, the court correctly applied the guideline.

Furthermore, father would not escape the guideline's application. Section 14–10–115(17), C.R.S. (1987 Repl. Vol. 6B) now provides:

"This section [14–10–115] shall apply to all child support obligations, *established or modified,* as a part of any proceeding, including, but not limited to, articles 5, 6 and 10 of this title ... *whether filed on, prior to, or subsequent to* July 10, 1987." (emphasis added)

Thus, even were we to reverse on this issue, the trial court would be obligated to apply the guideline on remand. *See In re Marriage of Pugliese,* 761 P.2d 277 (Colo. App.1988).

The order is affirmed.

PIERCE and STERNBERG, JJ., concur.