This is a child support modification case.
Husband and wife were divorced in July 1987. Pursuant to the decree, husband was ordered to pay $1,055 per month in child support for one child. Following the divorce, our supreme court adopted Child Support Guidelines which if applied in this case would suggest a child support figure of $600.60, i.e. a figure considerably lower than that currently paid by husband. Rules of Judicial Administration, Rule 32.
Accordingly, husband petitioned the trial court to modify his child support payment, alleging that his required payment was excessive in comparison to the figure propounded in the Child Support Guidelines, and that therefore there existed a material change in circumstances requiring modification. However, the trial court refused to modify the decree, finding that the Child Support Guidelines were not mandatory and that no material change in circumstances had occurred.
We agree.
Child support payments may be modified if the trial court, in its discretion, determines *Page 184 
there has been a material change in the parties' circumstances. Spragins v. Spragins, 501 So.2d 478
(Ala.Civ.App. 1987). Further, the trial court's decision on such matters will not be reversed absent an abuse of discretion. Spragins.
Here, the husband's basic argument is that the guidelines' enactment and the fact that their recommended child support figure is lower than that paid by husband constitute a material change in circumstances. We disagree.
As noted in section (A) of Rule 32, the guidelines are not binding on the courts and are intended to be guidelines only. Moreover, the Committee Comment indicates that the purpose of Rule 32 is to assist the courts in making more consistent awards of child support, not to mandate specific awards of child support. Consequently, we conclude that Rule 32 was promulgated for the purpose of helping courts arrive at more equitable awards of child support rather than mandating specific amounts to be awarded in each case.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.