INGRAM, Presiding Judge.
The parties were divorced in May 1985. Pursuant to an agreement of the parties, the wife was granted custody of the minor child, with the husband to pay child support of $220 per month. In June 1987, the father filed a petition for contempt and for modification. The mother counterclaimed, requesting an increase in child support and an award of attorney’s fees.
After an ore tenus proceeding, the trial court denied the father’s petition and raised child support to $436.13 per month. The trial court also awarded the wife attorney’s fees in the amount of $2,000.
The father now appeals to this court, contending that the trial court erred in increasing the child support obligation. He argues that the evidence did not show a significant change in circumstances to support the increase. We agree.
It is well settled that child support awards can be modified; however, there must be a showing of changed circumstances. Taylor v. Taylor, 486 So.2d 1294 (Ala.Civ.App.1986). Here, the only evidence of any changed circumstances is that both the father and mother have received slight increases in their gross monthly incomes. There is no testimony of any increased needs or expenses of the minor child.
We notice that the increase in the child support award equals the mother’s computations under the child support guidelines. Alabama Rules of Judicial Administration, Rule 32. However, at the time this increase was ordered, the child support guidelines were not binding on the courts. Clearly, the guidelines in and of themselves did not constitute a material change in circumstances requiring modification of the support award. See Davis v. Davis, 535 So.2d 183 (Ala.Civ.App.1988).
In view of the above, we reverse the trial court’s order increasing the child support.
The father also contends that the trial court erred in awarding the mother *1070 attorney’s fees in the amount of $2,000. We do not agree with that contention. We find, to the contrary, that the trial court’s award is supported by the testimony of the mother’s counsel. He proved twenty hours’ work on the case, including questions of child custody and visitation which were presented to the trial court in addition to the sole appealed issue of the child support increase. The trial court was well within its discretion in awarding the attorney’s fees to the mother. Holmes v. Holmes, 487 So.2d 950 (Ala.Civ.App.1986).
This case is due to be affirmed with respect to the award of attorney’s fees and reversed and remanded as concerns the child support modification.
The mother’s request for attorney’s fees for representation on appeal is denied.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.
RUSSELL, J., concurs.
ROBERTSON, J., concurs in part and dissents in part.