**In re the MARRIAGE OF Sally Jo MILLER, a/k/a Sally Jo Walker, Appellee,**

**and**

**Edgar Miller, Appellant.**

**No. 89CA0485.**

Colorado Court of Appeals,
Div. II.

March 1, 1990.

Bruno, Bruno & Colin, P.C., David J. Bruno and Josh A. Marks, Lakewood, for appellee.

Jana Purdy, Denver, for appellant.

Opinion by Judge MARQUEZ.

Edgar Miller (father) appeals from an order of the trial court denying his motion to modify child support. We reverse and remand for further proceedings.

Pursuant to a stipulation of the parties in December 1986, custody of one of the minor children of the parties was changed from Sally Jo Miller (mother) to the father. As part of the agreement which was approved by the court, father waived "any child support or maintenance for said minor child and agree[d] that he [would] seek no such child support except upon change of circumstances as governed by Colorado law."

In June 1988, however, father filed a motion to modify child support and to compel contribution by mother toward the child's anticipated college education expenses. The trial court denied this motion because it determined, in part, that the parties had entered into the waiver of child support as an exchange for a stipulation of custody of the child.

The court also found that there had not occurred a change of circumstances with respect to either the needs of the child or the financial abilities of either party. To the contrary, it found that the only change which had occurred was enactment of the child support guidelines. It concluded that such change in legislation, absent a change in either the needs of the child or the ability of the parties to contribute to sup-

port, did not constitute a sufficient change in circumstances so as to justify a modification of the child support order.

The parties do not dispute that the guidelines apply to this action. *See* §§ 14–10–115(3)(a) and (17), C.R.S. (1987 Repl.Vol. 6B). Nor is it contested that the child support guidelines created a rebuttable presumption that a change of circumstances existed here.

On appeal, father asserts that the parties cannot agree that child support will never be modified; that an agreement by the parties is not, in and of itself, a sufficient reason for deviation from the guidelines; and that, since the duty of support is owed to the child, the court erred in refusing to apply the guidelines. Father also argues that the presumptive amount of support was not overcome in this case. In the alternative, he argues that the findings of the court were insufficient to support a deviation.

Without addressing the continued validity of the waiver of child support, the child's mother responds that deviation from the guidelines was supported by the undisputed evidence, was within the court's discretion, and was supported by its findings. We agree with father's contentions.

Statutory provisions may not be modified by agreement of the parties if doing so would violate a public policy expressed in the statute or would affect the rights of the child which the statute was designed to protect. *In re Marriage of Johnson*, 42 Colo.App. 198, 591 P.2d 1043 (1979). The law and policy of this state is that the needs of the children are of paramount importance and cannot be altered by the parties. *Wright v. Wright*, 182 Colo. 425, 514 P.2d 73 (1973); *see* § 14–10–112(6), C.R.S. (1987 Repl.Vol. 6B). A child has a legal right to support from both parents and both parents have a duty to provide reasonable support for the child. *Abrams v. Connolly*, 781 P.2d 651 (Colo.1989).

This public policy is codified in the child support guidelines. One of the express purposes of the child support guidelines is "[t]o establish as state policy an adequate standard of support for children, subject to the ability of parents to pay." Section 14–10–115(3)(c)(I), C.R.S. (1987 Repl.Vol. 6B). In addition, the guidelines are designed to calculate "child support based upon the parents' combined adjusted gross income estimated to have been allocated to the child if the parents and children were living in an intact household." Section 14–10–115(4)(a), C.R.S. (1987 Repl.Vol. 6B).

The provisions of § 14–10–122, C.R.S. (1987 Repl.Vol. 6B), requiring for modification a showing of changed circumstances that are substantial and continuing, must be considered in conjunction with the guidelines, which include specific language regarding the review and approval of agreements for child support. As a matter of law, a trial court may not initially refuse to apply the child support guidelines. *In re Marriage of Greenblatt*, 789 P.2d 489 (Colo.App.1990).

Section 14–10–115(3)(a), C.R.S. (1987 Repl.Vol. 6B) provides in pertinent part: "In any action to ... modify child support ... the child support guideline ... *shall be used* as a rebuttable presumption for the ... modification of the amount of child support. Courts may deviate from the guideline where its application would be inequitable. Any such deviation shall be accompanied by written or oral findings ... specifying the reasons for the deviation." (emphasis added)

Section 14–10–115(3)(b)(I), C.R.S. (1987 Repl.Vol. 6B) provides:
"Stipulations presented to the court shall be reviewed by the court for approval. No hearing shall be required; however, *the court shall use the guideline to review the adequacy of child support orders negotiated by the parties as well as the financial affidavit* which fully discloses the financial status of the parties as required for use of the guideline." (emphasis added)

This language is mandatory. *See In re Marriage of Van Inwegen*, 757 P.2d 1118 (Colo.App.1988). Therefore, we conclude that the parties may not preclude or

limit the court's authority concerning child support. Section 14–10–115(3)(b)(I); *see also* § 14–10–112(6), C.R.S. (1987 Repl.Vol. 6B). The protection created for the support of children would be defeated if parents were allowed to waive payment of the presumptive amount of child support without supporting such deviation with specific and justifiable reasons. *See* § 14–10–115(3)(b)(II), C.R.S. (1987 Repl.Vol. 6B).

 It was the intent of the General Assembly to require the trial court to presume, unless rebutted, that child support obligations must be set in the amount specified by the statutory schedule. *In re Marriage of Van Inwegen, supra.* While the trial court may deviate from the guidelines if application thereof would be inequitable, the court must make specific written or oral findings supporting such deviation. *See* § 14–10–115(3)(a), C.R.S. (1987 Repl. Vol. 6B). *In re Marriage of English*, 757 P.2d 1130 (Colo.App.1988). This requirement is equally applicable to the court when approving a stipulation pursuant to § 14–10–115(3)(b)(I).

The record here includes each party's computation of child support, through use of the standard child support forms provided for by § 14–10–115(5), C.R.S. (1987 Repl. Vol. 6B). From the information on those forms, the statutory schedule indicates that approximately $300 is presumed to be necessary to meet this child's needs, given the combined gross income of the parents.

However, we are unable to determine from the record whether the court considered the rebuttable presumption reflected in the guidelines, whether the court found that the presumption was rebutted, or whether it found that its application would be inequitable. Moreover, the order does not acknowledge whether the child's needs, as established by the guidelines, are being met or how they may actually differ in this particular case. Nor does the order specify if the child's needs are being met indirectly without the actual payment of support. In addition, the trial court's order does not reflect any consideration of the ability of the non-custodial parent to pay the presumed amount of support.

Therefore, it is necessary to remand this matter for reconsideration of father's motion and entry of more specific findings. *See In re Marriage of English*, 757 P.2d 1130 (Colo.App.1988).

The order denying father's motion to modify child support is reversed, and this matter is remanded to the trial court for further consideration of the motion consistent with the views expressed herein.

SMITH and DUBOFSKY, JJ., concur.