**In re the MARRIAGE OF Janet L. NIELSEN, Appellant,**

**and**

**Daniel R. Nielsen, Appellee.**

**No. 89CA0816.**

Colorado Court of Appeals, Division IV.

June 7, 1990.

Sullivan and Sullivan, P.C., Ann J. Atkinson, Denver, for appellant.

Joseph W. Opstelten, P.C., Joseph W. Opstelten, Lakewood, for appellee.

Opinion by Judge REED.

Janet L. Nielsen (mother) appeals the trial court's order granting modification of child support and awarding the income tax exemption for the parties' minor children to Daniel R. Nielsen (father). We reverse in part and affirm in part.

In 1986, incident to the dissolution of marriage proceeding and pursuant to the agreement of the parties, the mother was awarded custody of the two children of the parties, and the father was ordered to pay monthly child support in the amount of $500 and one-half of the extraordinary medical expenses for the two children. One of the children since birth has suffered from cerebral palsy and requires recurring medical treatment.

In this proceeding by the mother for modification, the court increased the child support to $575 a month, but refused to modify that portion of the order relating to the extraordinary medical expenses. It also granted to the father the income tax exemption for the two children.

In the interim between the decree of dissolution and the hearing for modification, the father's gross income had increased by approximately 50 percent. The mother, at the time of the hearing, was unemployed, and the trial court imputed to her a gross income of approximately two-thirds of that which she was earning at the time of the dissolution.

## I.

Mother contends that the trial court erred in deviating from the child support guidelines and in failing to apportion between the parties the extraordinary medical expenses of the parties' child who is afflicted with cerebral palsy. We agree.

Pursuant to the statutory child support guidelines, § 14–10–115, C.R.S. (1987 Repl. Vol. 6B), the trial court computed the basic child support obligation due from the father, as allocated according to the gross income and imputed gross income of the parties, to be $642 a month. However, it concluded that, pursuant to § 14–10–115(3)(a), C.R.S. (1987 Repl.Vol. 6B), deviation from the guidelines was justified for equitable reasons.

The court reasoned that, in light of the extraordinary medical expenses of which the father was required to pay one-half, he would not be able reasonably to support himself if required to pay the amount specified in the guidelines. Thus, the court ordered the father to continue to pay 50 percent of the extraordinary medical bills and, additionally, child support in the sum of $575 per month.

The parties do not dispute that the guidelines apply to these proceedings for the ascertainment of the basic child support. *See* §§ 14–10–115(3)(a) and (17), C.R.S. (1987 Repl.Vol. 6B). Nor do they contest that the guidelines created a rebuttable presumption that a change of circumstances existed here.

■ As a matter of law, a trial court may not initially refuse to apply the child support guidelines. *In re Marriage of Greenblatt*, 789 P.2d 489 (Colo.App.1990). However, the trial court has the discretion to deviate from the guidelines where justified provided it makes appropriate findings. *See In re Marriage of English*, 757 P.2d 1130 (Colo.App.1988).

■ Here, we agree with the mother that the findings of the trial court were insufficient to support a deviation. We further conclude that there was insufficient evidence in the record by which a deviation could be justified.

The extraordinary medical expenses for the children approximated $180 a month for physical therapy (not including expenses for special education which was scheduled to terminate within 60 days of the hearing). By statute, these extraordinary medical expenses were required to be divided between the parties in direct proportion to their adjusted gross income, and *added to the basic child support.* Section 14–10–115(12)(a), C.R.S. (1987 Repl.Vol. 6B). Since there existed a change in circumstances justifying a modification of the basic child support, the trial court erred in refusing to apply the mandatory provisions of § 14–10–115(12)(a) even though at the time of the original agreement, the child's condition existed and was known.

Our examination of the record reveals nothing to indicate any unusual or unique financial circumstances of the father. If there is any hardship, such results from application of the guidelines consistent with the statutory requirements.

Thus, we conclude that the trial court abused its discretion in deviating from the guidelines in calculating the basic child support obligation. Further, it erred in failing to add to the basic child support obligation, the allocated costs of the extraordinary medical expenses as required by law. *See In re Marriage of Van Inwegen*, 757 P.2d 1118 (Colo.App.1988).

## II.

■ Mother next contends that the trial court erred in awarding the tax exemption to the father. We disagree.

The court acted properly in addressing the federal tax exemption raised by father at the child support hearing because its

financial impact is intimately related to child support. *See Bradshaw v. Bradshaw*, 626 P.2d 752 (Colo.App.1981). A court has jurisdiction to award the tax exemption to the non-custodial parent and order the custodial parent to execute the necessary forms declaring that such parent will not claim the children as dependents. *See In re Marriage of Beyer*, 789 P.2d 468 (Colo.App.1989).

Here, the trial court based its decision upon findings that the father was providing over 50 percent of the children's support. Although by the foregoing section of this opinion, we are reversing the order for child support, its redetermination could not in any respect affect the validity of the court's findings as relates to the issue here. We conclude that the trial court acted within its discretion and that its findings are supported by the evidence, and therefore, its order on the allocation of the tax exemption will not be disturbed. *See People in Interest of A.J.*, 757 P.2d 1165 (Colo.App. 1988).

Except as to that portion of the order relating to the income tax exemption, which is affirmed, the order of the trial court is reversed, and the cause is remanded with instructions that the trial court order child support from the father in an amount prescribed by the child support guidelines, without deviation, to which shall be added an order for the payment of extraordinary medical expenses in proportion to the gross income of the parties.

TURSI and RULAND, JJ., concur.