575 So.2d 95 (1990)
Barbara A. MOORE
v.
Wendell R. MOORE.
Civ. 7761.
Court of Civil Appeals of Alabama.
November 14, 1990.
Rehearing Denied December 19, 1990.
Certiorari Denied March 1, 1991
*96 Allen Edward Cook, Andalusia, for appellant.
W. Bartlett Taylor, Andalusia, for appellee.
Alabama Supreme Court 1900494.
ROBERTSON, Judge.
This case involves modification of child support pursuant to existing case law and Rule 32, Alabama Rules of Judicial Administration.
The parties were divorced in 1978, two child support modifications followed, and a third support modification petition was filed in February 1990. After ore tenus proceedings, the trial court found there had not been a sufficient change in circumstances shown and refused to modify the child support.
Barbara A. Moore (mother) appeals on the sole issue of whether the trial court erred in failing to fix child support in accordance with the child support guidelines.
The mother argues that the main question is whether the trial court was obligated to follow the child support guidelines regardless of a showing of changed circumstances.
Rule 32(A)(2)(i), A.R.J.A. provides:
"The provisions of any judgment respecting child support shall be modified... only upon a showing of a material change of circumstances that is substantial and continuing."
There appears to be no dispute on appeal that the mother failed to make a showing of a material change of circumstances that is substantial and continuing. Consequently, the trial court never reached the point of applying the child support guidelines. Having not reached that point, it was not incumbent upon the trial court to find, in its judgment, that the application of the guidelines would be manifestly unjust or inequitable. Therefore, we find no error.
Wendell R. Moore (father) requests that he be awarded an attorney's fee based on a frivolous appeal. We decline to award such a fee because the guidelines are new and subject to different interpretations. The mother also requests an attorney's fee in this appeal, which is also denied.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
INGRAM, P.J., concurs.
RUSSELL, J., dissents.
RUSSELL, Judge, dissenting.
I respectfully dissent. In my opinion, the trial court is required to apply the child support guidelines to the circumstances of the parties to determine whether there was a material change in circumstances. This the trial court did not do.
Between October 1, 1987, and October 9, 1989, the child support guidelines were "non-binding on the establishment or modification of the amount of child support, and courts may deviate from the guidelines *97 where their application would be inequitable." Rule 32(A), A.R.J.A. (prior to amendment). Amended child support guidelines became effective October 9, 1989, and apply to all proceedings instituted on or after that date. Rule 32 (all further references to Rule 32 shall be to that rule as amended). The present action was filed in February 1990, after the date that the amended child support guidelines became effective. Section (A) provides as follows:
"There shall be a rebuttable presumption, in any judicial or administrative proceeding for the establishment or modification of child support, that the amount of the award which would result from the application of these guidelines is the correct amount of child support to be awarded. A written finding on the record that the application of the guidelines under the following criteria would be unjust or inappropriate shall be sufficient to rebut the presumption:
"(i) Upon a fair, written agreement by the parties establishing a different amount and stating the reasons therefor, or
"(ii) Upon a finding of fact, based upon evidence presented to the court, the court determines the application of the guidelines would be manifestly unjust or inequitable."
The child support guidelines refer to a change of circumstances in modifications as follows:
"(2) Modifications. The child support guidelines shall be used by the parties as the basis for periodic updates of child support obligations.
"(i) The provisions of any judgment respecting child support shall be modified only as to installments accruing subsequent to the filing of the petition for modification and only upon a showing of a material change of circumstances that is substantial and continuing.
"(ii) Application of the child support guidelines to the circumstances of the parties at the time of the filing of a petition for modification of the child support order, which results in less than a ten percent change in the amount of support due per month, shall be rebuttably presumed not to be a material change in circumstances."
Rule 32(A)(2).
Rule 32(A) establishes a rebuttable presumption that the correct amount of child support would result from the application of the guidelines. Furthermore, in order to rebut the presumption, there must be a written finding on the record that the application of the guidelines would be unjust or inappropriate based upon the criteria presented in the rule. Here, the trial court did not apply the guidelines and made no such finding, but rather, based its holding on the lack of sufficient change in circumstances.
As stated by the majority, Rule 32(A)(2)(i) does require a showing of a material change of circumstances that is substantial and continuing. However, Rule 32(A)(2)(ii) provides that, when the guidelines are applied to the circumstances of the parties, less than a ten percent change in the amount of support due per month shall rebuttably be presumed not to be a material change of circumstances. As I view this section of the rule, the question arises whether the trial court must apply the guidelines when their application indicates at least a ten percent change in the amount of support due per month. Although this court previously held that application of the guidelines, which indicated that the child support paid by a husband was substantially higher than the amount of child support recommended under the guidelines, did not constitute a material change in circumstances, Davis v. Davis, 535 So.2d 183 (Ala.Civ.App.1988), that decision was rendered while the guidelines were discretionary. However, since the amended guidelines are now mandatory and we have not considered this question under the mandatory guidelines, I would look to other jurisdictions for guidance in our determination.
The child support guidelines are statutory in the state of Colorado, and the pertinent portions are similar in language to the Alabama rule. Colorado has held that a *98 rebuttable presumption is created "that a modification of child support must be granted whenever application of the child support guidelines would result in more than a 10 percent change in the amount of support due," In re Marriage of Pugliese, 761 P.2d 277, 288 (Colo.Ct.App.1988), and that provisions "requiring for modification a showing of changed circumstances that are substantial and continuing, must be considered in conjunction with the guidelines, which include specific language regarding the review and approval of agreements for child support. As a matter of law, a trial court may not initially refuse to apply the child support guidelines." In re Marriage of Miller, 790 P.2d 890, 892 (Colo.Ct.App.1990).
The Colorado court has further held regarding a showing of substantial and continuing change of circumstances in modifications that
"[i]n determining whether this predicate showing has been made, the trial court must apply the child support guidelines....
"Application of these guidelines must indicate at least a ten percent change in the amount of support due per month, otherwise `a substantial and continuing change of circumstances' has not been established and modification is not permitted.
"The trial court is without discretion to refuse to apply the child support guidelines in making the initial determination of whether the requisite showing has been made. It must weigh the evidence presented giving due consideration and thought to all of the statutory factors."
In re Marriage of Greenblatt, 789 P.2d 489, 491 (Colo.Ct.App.1990) (citations omitted) (emphasis in Greenblatt).
The comments to Alabama's Rule 32 state that "[t]he guidelines will provide an adequate standard [of] support for children, subject to the ability of their parents to pay, and will make awards more equitable by ensuring more consistent treatment of persons in similar circumstances." (Emphasis supplied.) In my opinion, given the purpose of the guidelines, the Colorado interpretation is reasonable and should be applied in the instant case.
Here, child support was set at $45 per week, or an average of $195 per month, in July 1989. The mother contends that modification according to the guidelines would require the father to pay $362.88 per month, an additional $167.88 per month. The evidence demonstrates that at least a ten percent change in the amount of child support would be due under the guidelines; therefore, I would find that the rebuttable presumption that there is not a material change in circumstances does not exist and that, once this showing has been made, the trial court may not refuse to apply the guidelines. The correct amount of child support to be awarded under the guidelines then may be rebutted only as detailed in Rule 32(A). I would reverse and remand for further proceedings.