**In re the MARRIAGE OF Diana Jo LARSEN, Appellant and Cross–Appellee,**

**and**

**Ray W. Larsen, Appellee and Cross–Appellant.**

**No. 89CA1465.**

Colorado Court of Appeals, Div. II.

Jan. 31, 1991.

Frey, Lach & Michaels, P.C., Susan M. Lach, Fort Collins, for appellant and cross-appellee.

Bullard, Larsen, Plock & Wade, P.C., Jan A. Larsen, Fort Collins, for appellee and cross-appellant.

Opinion by Judge ROTHENBERG.

Diana Jo Larsen (wife) and Ray W. Larsen (husband) both appeal orders of the trial court regarding child support. We affirm in part, reverse in part, and remand for future proceedings.

In December 1981, the marriage between the parties was dissolved, and wife was granted sole custody of the parties' six children. Husband was ordered to pay child support of $30 per week per child until each reached the age of 18 or otherwise became emancipated. Husband was also granted all six tax exemptions for the children. In 1985, support was increased to $38 per week per child.

In June 1987, wife sought another increase under the child support guidelines for the five unemancipated children and also sought some or all of the tax exemptions. One child was to turn 18 during his junior year of high school, and wife argued that he would not be emancipated at 18. She further argued that emancipation occurs as a matter of law at age 21, not at 18.

By order entered in July 1989, the trial court granted an increase in child support and found that the following factors, taken as a whole, constituted a substantial and continuing change of circumstances: 1) Husband's income had increased moderately; 2) five children were still unemancipated and all five would reach 18 before graduating from high school; 3) the child support guidelines had since been passed by the General Assembly; and 4) the children's needs had increased. Wife was unemployed outside the home except for part-time work in conjunction with her master's degree schooling. Thus, child support was calculated based on husband's monthly gross income of $4,488, wife's investment income of $2562 per month, and additional income imputed to her of $1,000. The court applied the guidelines and ordered husband to pay $1,092 per month for the five children with support to continue until each child reached 18 unless he or she was still in high school. The court further ordered that husband could claim all five income tax exemptions for the children. Both parties appeal.

I.

Wife's first contention is that the trial court erred in awarding all tax exemptions for the five unemancipated children to husband and not awarding them to her or at least dividing the exemptions between the parties. We agree.

The district court here apparently believed that it lacked authority to divide the tax exemptions between the parties in view of current Internal Revenue Service regulations. Also, at the time of its ruling, the court did not have the benefit of our decision in *In re Marriage of Beyer*, 789 P.2d 468 (Colo.App.1989).

In *Beyer*, we noted that recent changes in IRS regulations create a presumption that the custodial parent is entitled to any dependency exemptions, absent a signed written declaration on a prescribed IRS

form that the custodial parent will not claim the child (or children) for tax purposes. *See* 26 U.S.C. § 152(e)(1) and (2) (1988). Despite the IRS's presumption, *Beyer* held that the district court nevertheless retains the authority to designate the parent who may claim the federal income tax exemptions. Thus, *Beyer* confirmed earlier rulings upholding the trial court's authority to divide tax exemptions between the parents. *See In re Marriage of Nielsen*, 794 P.2d 1097 (Colo.App.1990) (trial court did not err in awarding father tax exemption for both children); *In re Marriage of Hauger*, 679 P.2d 604 (Colo.App. 1984) (trial court did not err in awarding father one child and mother other child as tax exemption).

In *Beyer*, however, we did not face the additional issue presented here which is whether a court may effectively modify the child support guidelines by awarding all or most of the tax exemptions to one parent in a manner disproportionate to his or her contribution to child support.

One reason given for the passage of the child support guidelines was to "make awards more equitable by ensuring more consistent treatment of persons in similar circumstances...." Section 14–10–115(3)(c), C.R.S. (1987 Repl.Vol. 6B). In fact, the General Assembly prohibited the court from even departing from the statutory guidelines without making "written or oral findings ... specifying the reasons for the deviation." Section 14–10–115(3)(a), C.R.S. (1987 Repl.Vol. 6B).

■ This court has also noted that "entitlement to claim children as dependents for income tax purposes has a direct effect on the financial resources available and is intimately related to the matter of child support." *Bradshaw v. Bradshaw*, 626 P.2d 752, 755 (Colo.App.1981). For this reason, a court order regarding the dependency exemptions is subject to modification in the same manner as any other child support provision. *Bradshaw v. Bradshaw, supra.*

Wife contends here that the child support guidelines implicitly require the court to apportion the tax exemptions *in every case* in the exact proportion of the parties' gross incomes. However, we decline to interpret the guidelines to require such mathematical certainty. We recognize that, in some cases, there may be practical reasons for declining to issue orders regarding the exemptions, and therefore allowing the parties to be governed by the IRS regulations creating a statutory presumption for the custodial parent. In other cases, the trial court may have sound reasons for awarding most or even all of the tax benefits to one parent. For example, an unemployed or temporarily disabled parent may not need the exemptions or may be temporarily unable to use them.

Nevertheless, while rejecting a precise mathematical formula, we also recognize that a trial court's order which unfairly allocates the tax exemptions can seriously affect the amount of child support *actually received* and can indirectly and impermissibly alter the child support guidelines. *See Bradshaw v. Bradshaw, supra.*

■ We, therefore, hold that the trial court's authority to divide or allocate the tax exemptions between the parties is a determination within the court's sound discretion. *See In re Marriage of Nielsen, supra.* However, that discretion is not unfettered and, if exercised, must be appropriately used in accordance with the General Assembly's goal of ensuring consistent treatment for all parties. Thus if, as here, a trial court's order *effectively modifies* the statutory child support guidelines by awarding all or most of the tax exemptions to one parent, the court must make findings of fact explaining its reason for doing so. In the absence of such findings, we cannot meaningfully assess whether the court properly exercised its discretion.

■ Here, since the trial court's only stated reason for awarding husband all the exemptions was its mistaken belief that it lacked authority to divide them, the order regarding the tax exemptions must be reversed and the matter must be remanded for another hearing on the issue. Further, since the trial court may not divide the tax exemptions retroactively, *see In re Mar-*

*riage of Hauger, supra,* at the next hearing the court should also consider whether any past inequity has resulted from its previous order.

## II.

Wife next contends that the court erred in refusing to order child support to continue until age 21 or emancipation, whichever occurs first. We agree.

■ The age of emancipation for purposes of child support is presumed to be 21. *In re Marriage of Plummer,* 735 P.2d 165 (Colo.1987); *Koltay v. Koltay,* 667 P.2d 1374 (Colo.1983); *see also In re Marriage of LeBlanc,* 800 P.2d 1384 (Colo.App.1990).

■ The court here found that each child would reach 18 before graduating high school and would not be emancipated at 18. This finding was one of the circumstances upon which modification of support was based. Based on this finding and the clear state of Colorado law, the trial court erred in not ordering support for each child to continue until he or she reaches the age of 21, unless the child is emancipated earlier.

## III.

Husband asserts that the court erred by increasing child support to the amount in the guidelines. He argues that the increase in the parties' combined income was primarily the result of increases in the mother's investment income and, therefore, the evidence warranted a deviation from the guidelines. We disagree.

Under the child support guidelines, the increased income of either party may constitute a substantial change in circumstances. *See In re Marriage of Anderson,* 761 P.2d 293 (Colo.App.1988). In such a situation, the children's increased needs are presumed, § 14–10–115(3)(a), C.R.S. (1987 Repl.Vol. 6A), and husband had the burden of rebutting the showing of changed circumstances or the presumption of need by the children.

■ The evidence showed that wife's expenses for the five children had increased. Four of the children had become teenagers and two of them drove vehicles. Thus, the wife had substantially increased expenses for the purchase of automobiles and insurance. Further, one child, who was dyslexic and had an attention deficit disorder, required a private tutor in reading and math.

In the absence of other evidence rebutting the presumption of need, or indicating anything unusual about the father's financial circumstances, and based on the totality of the evidence here, we find no error in the trial court's refusal to deviate from the guidelines. *See In re Marriage of Nielsen, supra.*

## IV.

The issue of extraordinary educational expenses was not before the court, and college expenses were still speculative at the time of the hearing. Thus, we need not consider wife's argument that higher education expenses should be added to the basic child support obligation. *See In re Marriage of Rosser,* 767 P.2d 807 (Colo. App.1988). If appropriate, that issue may be considered upon remand.

Those parts of the July 1989 order granting husband all tax exemptions and terminating child support at age 18 are reversed. The cause is remanded with directions to hold a new hearing concerning the tax exemptions. In all other respects, the July 1989 order is affirmed.

SMITH and DUBOFSKY, JJ., concur.