Jerry Lea McKEE, Appellant,

v.

Garry Lee McKEE, Appellee.

No. 75470.

Court of Appeals of Oklahoma, Division No. 4.

Nov. 12, 1991.

Kenneth R. Nance, Oklahoma City, for appellant.

Daniel J. Gamino, Daniel J. Gamino & Associates, P.C., Oklahoma City, for appellee.

## MEMORANDUM OPINION

STUBBLEFIELD, Judge.

This is an appeal from an order sustaining a father's demurrer to mother's evidence in her action to increase child support. After a review of the record and applicable law, we vacate the trial court's ruling and remand for further proceedings.

In February 1983, Mother, Jerry Lea McKee, and Father, Garry Lee McKee, were divorced. Mother was awarded custody of their three minor children, and Father was ordered to pay $165 per month for each of the children. On December 15, 1989, Mother filed a motion to modify child support alleging that there had been a material change of circumstances warranting a modification of child support. She asserted that Father's income had greatly increased and that one of the children had reached majority. She also alleged that the cost of living had increased, as had the needs and expenses of the two remaining children. She sought a modification of child support "as per the statutory guidelines."

At trial, Mother's evidence was almost totally directed at the parties' changes in income, including evidence that Father's income had doubled. Citing *Wells v. Wells*, 648 P.2d 1223 (Okla.1982), as its authority, the trial court sustained Father's demurrer to Mother's evidence.

Mother first contends that "[t]he adoption of statutory child support guidelines [43 O.S.Supp.1990 § 118] effectively overruled the court's ruling" in *Wells* that an increase in the income of the noncustodial parent standing alone was not sufficient to modify child support. On the other hand, Father asserts that "[i]n order to modify child support, Oklahoma law requires evidence of material change of circumstances *of children* as well as parents' financial condition."

The controlling statutory provisions for modification of child support, 43 O.S.Supp. 1990 § 118(19) (emphasis added), provides:

Child support orders may be modified only upon a *material change in circumstances*. If the court finds there is a basis for modification, the child support guidelines provided in this act shall be used in computing child support, subject to the court's discretion to deviate from the guidelines where the amount of support is unjust, inequitable, unreasonable or inappropriate under the circumstances, or not in the best interest of the child or children involved, and such deviation is supported by specific findings. The enactment of these guidelines alone shall not constitute a material change in circumstances.

There is no qualifying language to the phrase "material change in circumstances." However, we find guidance in the interpre-

tation of section 118(19) by examining the reasons for adopting statutory child support guidelines.

Prior to 1987, the emphasis in setting child support was placed primarily upon the noncustodial parent and the amount of support that parent must pay. Historically, that amount was based more upon the evidence of the *needs of the child* rather than the *financial condition of the parents.* This approach often led to disparate orders in similar fact situations and sometimes resulted in unnecessary deprivation of the children.

In 1985, there was a federal mandate that, in order to be eligible to receive Aid for Families with Dependent Children, a state adopt, by October 1, 1987, "specific descriptive and numeric criteria," 45 C.F.R. § 302.56(c) (Oct. 1, 1985), upon which a determination of a noncustodial parent's child support obligation could be established. P.L. 98–378 § 18, codified at 42 U.S.C. § 667 (Supp.1991). The National Center for State Courts developed an "Income Shares model" for allocating child support obligations between the custodial and noncustodial parents as an approach to establishing the mandated objective criteria. This approach was adopted after numerous studies had established the cost of child rearing and had further demonstrated that persons with similar incomes spend similar amounts for their children and that this amount increases in proportion to increases in the incomes of the parents.

In response to the federal mandate, Oklahoma enacted statutory child support guidelines and a computational formula to be used in *all cases where child support is an issue.* 12 O.S.Supp.1988 §§ 1277.7, 1277.8 and 1277.9, effective June 20, 1988, current version at 43 O.S.Supp.1990 §§ 118, 118.1, 119, 119.1 and 120. The guidelines— first adopted by the Oklahoma Supreme Court—track very closely the "Income Shares model," which places paramount consideration upon the economic situation of both parents. *See* Spector, "Support Guidelines are Coming! Support Guidelines are Coming!!," *Okla. B.A. Family Law Section Update,* Feb. 1987, at 1, 4. Thus, joint parental income, rather than the cost of providing minimal needs of the child, became the basis for child support calculations.[1]

Because of the change in focus in making a child support determination, we conclude that any subsequent substantial increase in the income of one or both parents constitutes a sufficient change in circumstances to support a modification of child support. To the extent that pre-guideline cases hold to the contrary, that case authority has lost its applicability.

■ In this case, Father's income had almost doubled, and his total child support obligation had decreased because one child had reached majority—and was soon to decrease further when the second child reached majority. While we do not decree what changes in income constitute a material change of circumstances, the changes in income of these parents clearly are sufficient to constitute such a change. Therefore, we find that the trial court's sustainment of Father's demurrer to the evidence was based upon an erroneous conclusion of law, and we vacate that ruling.

Because the demurrer was sustained and Father did not have an opportunity to put

---

**1.** All the states have enacted child support guidelines, and a growing number have specifically recognized the sufficiency of a substantial *change in parental income* as a material change allowing modification of child support. *In re Marriage of Anderson,* 761 P.2d 293 (Colo.Ct. App.1988). Many states have further addressed the question of what income change would be sufficient to merit modification. *See* Walker, "Changes in Circumstances Under Child Support Guidelines," 62 *Okla. B.J.* 3199 (Oct. 26, 1991). Generally, by court rule or legislative decree, these states have established the specific percentages of income change which would constitute a material change. The percentages range from a low of ten percent to a high of twenty-five percent. *Id.* at 3200. Although Oklahoma has no such specific rule in its guidelines, such guidance is desirable. However, the establishment of such a rule is clearly a function of the rule-making authority of the Oklahoma Supreme Court or, perhaps more appropriately, the province of the legislature.

on his evidence, we remand for further proceedings.

VACATED AND REMANDED FOR FURTHER PROCEEDINGS.

BACON, V.C.J., and REIF, J., concur.