560 P.2d 849 (1977)
In re the MARRIAGE OF Gloria C. EDWARDS, Appellant, and
Emerick R. Edwards, Appellee.
No. 76-214.
Colorado Court of Appeals, Div. III.
February 10, 1977.
*850 Sonheim & Helm, Robert H. Sonheim, Darrel L. Matteson, Arvada, for appellant.
Wesley H. Doan, Denver, for appellee.
Selected for Official Publication.
RULAND, Judge.
Appellant, Gloria C. Edwards, appeals from a final order of the trial court reducing the monthly child support payments due from appellee, Emerick R. Edwards, for the two minor children of the parties. We reverse and remand for further proceedings.
The facts pertinent to this review are not disputed. The marriage of the parties was dissolved in December of 1973. The issues relative to division of property, child support, and related subjects were resolved by written agreement, and the agreement was incorporated into the decree of dissolution. Prior to entry of the decree, appellee filed a financial affidavit with the trial court reflecting a monthly gross income of $1,360. By virtue of the agreement and the decree, appellee was obligated to make child support payments of $400 per month.
Shortly after the decree was entered, appellee's employment was terminated, and it was not until approximately eight months later that he was able to secure equivalent employment in another state. A motion to reduce child support was filed by appellee in June of 1974, but a hearing on the motion was not held until December of 1975. During that interval of time, appellee paid child support payments of approximately $200 per month. However, at the time of the hearing on his motion, appellee's salary had been increased to a gross monthly rate of $1,400.[1] The parties stipulated that the financial needs of the minor children had not decreased since entry of the decree.
Based solely on the fact appellee was unable to pay full child support payments during 1974 and 1975, the trial court concluded that pursuant to § 14-10-122, C.R.S. 1973, appellee had sustained his burden of showing a change of circumstances sufficient to make the existing support order unconscionable. It therefore ordered a reduction of future support payments to $300 per month. Appellant contends that this ruling was erroneous, and we agree.
Prior to the effective date of the Uniform Dissolution of Marriage Act in 1972, see § 14-10-133, C.R.S. 1973, an order modifying child support payments could affect only those payments accruing after the order was entered. See, e.g., Drazich v. Drazich, 153 Colo. 218, 385 P.2d 259 (1963). In addition, the issue of modification was based upon the needs of the parties as of the date of the hearing. See Huber v. Huber, 143 Colo. 255, 353 P.2d 379 (1960). However, the Uniform Act modified prior law by authorizing the court to order reduction of support payments accruing subsequent to the date a motion to reduce was filed. Section 14-10-122, C.R.S. 1973. See 9 Uniform Laws Annot., Matrimony, Family & Health Laws § 316 at 400 (Commissioners Note 1973). Therefore, while the trial court is authorized to consider the needs of the parties as they appear on the date the motion is filed, where, as here, the financial status of a party had changed materially between the date the motion was filed and the date of the hearing, the court must take into consideration the circumstances present on each date in determining what relief should be granted.
In the case at hand, the sole factor considered by the trial court in reaching its decision was appellee's income. The record would support some reduction of support payments accruing after appellee's motion was filed in June of 1974 and prior to the hearing on that motion in December of 1975; however, inasmuch as appellee's income *851 as of the date of the hearing exceeded the income he was earning at the time the original decree was entered, there was no basis for reduction of future support payments.
The order reducing child support payments is reversed. Since the trial court judge who originally considered appellee's motion has now retired, the cause is remanded with directions to hold a new hearing and for entry of orders consistent with the views herein expressed.
COYTE and ENOCH, JJ., concur.
NOTES
[1] While appellee attempted to prove during the hearing on his motion that his income in December of 1973 actually exceeded the income shown on his affidavit, the trial court ruled that he was bound by the affidavit and that ruling has not been challenged on this appeal.