**In re the MARRIAGE OF Irene KIMBROUGH, Appellant,**

**and**

**Albert Kimbrough, Appellee.**

**No. 88CA0865.**

Colorado Court of Appeals, Div. I.

Nov. 9, 1989.

Polidori, Rasmussen, Gerome & Jacobson, Peter L. Franklin, Lakewood, for appellant.

No appearance for appellee Albert Kimbrough.

Opinion by Judge PIERCE.

Irene Kimbrough (mother) appeals the trial court's order granting father a reduction in child support in the form of a setoff against his monthly support obligation. We vacate the order and remand for further proceedings.

The parties' marriage was dissolved in 1987. Pursuant to the final orders, mother was awarded certain property, including the marital residence, and was made solely liable for more than $41,800 in marital debts. Mother was also awarded custody of the two minor children, and father was ordered to pay monthly child support.

Following the dissolution, the mother filed for bankruptcy and obtained a discharge of the debts assigned to her in the dissolution proceeding. Thereafter, one of the creditors involved in the bankruptcy action obtained a judgment against father, as a co-debtor, in the amount of $1,985.63, plus costs, and began garnishing his wages. The father filed a motion to modify child support, citing the garnishment and his potential liability as a co-debtor on a $31,800 mortgage debt as circumstances requiring a modification of the support obligation.

Following an evidentiary hearing, the trial court granted the father a credit against his child support obligation for all present and future liabilities he had incurred as a result of the mother's bankruptcy. The order provides that the credit is not to exceed one-half the monthly obligation, but that it is to be carried forward indefinitely until the full amount of the father's liability has been satisfied. The court made no reference to the child support guidelines.

The mother contends that the trial court lacked the authority to grant husband the credit against the child support obligation. We agree.

The trial court's authority with respect to modification of child support is prescribed in § 14–10–115, C.R.S. (1987 Repl.Vol. 6B), the child support guidelines, and § 14–10–122(1), C.R.S. (1987 Repl.Vol. 6B).

■ Section 14–10–115(3)(a), C.R.S. (1987 Repl.Vol. 6B) provides that the amount specified in the support guidelines establishes a "rebuttable presumption" as to the proper support obligation in any action to establish or *modify* child support. *See In re Marriage of Pugliese*, 761 P.2d 277 (Colo.App.1988). The burden is therefore upon the parent contesting the support order to prove that a deviation from the presumptive award is both reasonable and necessary. *People in Interest of C.D.*, 767 P.2d 809 (Colo.App.1988).

At the time of the hearing, the only change in the father's circumstances was that his wages had been garnished in the amount of $874.54 in satisfaction of the judgment against him and that there was an unsatisfied judgment pending. Although these facts alone may be sufficient to warrant a reduction in the support obligation after a recalculation based upon the support guidelines, the trial court made no such recalculation or findings as required under §§ 14–10–115 and 14–10–122(1) regarding the need for modification, the needs of the children, and both the father's and mother's ability to provide support at the time of the hearing. *See In re Marriage of Baroni*, 781 P.2d 191 (Colo.App. 1989) and *In re Marriage of Pring*, 742 P.2d 343 (Colo.App.1987). Furthermore, although the father assumed that he will be required to satisfy the deficiency on the parties' mortgage debt, he testified that the bankruptcy has delayed foreclosure proceedings and that the amount of the deficiency, if any, has yet to be determined.

■ The trial court is bound by the facts and circumstances of the parents and children as they exist at the time of the hearing. *In re Marriage of Serfoss*, 642 P.2d 44 (Colo.App.1981). If, as here, there is a pending foreclosure sale, the court should await the sale's completion and complete its record on the amount of debt incurred before it determines the modification question.

The order is vacated, and the cause is remanded to the trial court to hold further hearings, if necessary, and to make findings and enter an order in accordance with § 14–10–115 and § 14–10–122(1).

METZGER and REED, JJ., concur.