In re the MARRIAGE OF Timothy C. FORD, Appellant,

and

Paula C. Ford, Appellee.

No. 91CA1965.

Colorado Court of Appeals, Div. I.

March 25, 1993.

Davis, Lerman & Weinstein, Eileen R. Lerman, Aronowitz, Helgeson & Ford, P.C., Timothy C. Ford, Denver, for appellant.

William Litvak, Denver, for appellee.

Opinion by Judge DAVIDSON.

Timothy C. Ford (father) appeals from the trial court's order increasing his child support obligation and awarding an income tax exemption for one of the parties' two minor children to Paula C. Ford (mother). We affirm.

Father's support obligation prior to the modification hearing was $541.09 per month. Based on the parties' respective incomes at the time of the modification hearing, husband's support obligation would have been $510.80 per month, or $30.29 less than his existing support obligation. Although this represented less than a ten percent change under the child support guideline, the trial court nevertheless increased the father's support obligation to $625 per month on the basis of the mother's chronic medical condition and resulting financial difficulties.

The uncontroverted evidence established that mother suffers from diabetes and that her condition has worsened. She was hospitalized three times during the past year, not including emergency room visits, and had missed eight or nine days of work in the five months prior to the hearing. Mother had been terminated from two jobs because of her medical condition and was unable to obtain health insurance coverage as a result.

Although she had discharged over $40,000 in debt through bankruptcy a year earlier, her debts at the time of hearing were over $12,000, most of which comprised medical costs incurred subsequent to her bankruptcy. Mother testified that her utilities had been cut off because she had fallen behind in payments and that she was

currently behind in paying telephone, insurance, medical bills, and daycare for the couple's two minor children.

The trial court found that, as a result of her diabetes, mother suffers from pain and neuropathy, constant infections, severe dental problems, difficulty in standing, and bad vision. The court concluded that mother's physical condition and consequent financial difficulties constituted a substantial and continuing circumstance which warranted both a modification of support and a deviation from the child support guideline.

The court therefore increased the father's support obligation to $625 per month. In doing so, the court noted that father's monthly income of $6,843 substantially exceeded the mother's monthly income of $2,397. The trial court also ordered father to pay $900 of mother's attorney fees.

### I.

Father contends that because the change in presumed support under the child support guideline was less than ten percent, the trial court was precluded under § 14–10–122(1)(b), C.R.S. (1987 Repl.Vol. 6B) from modifying support. Additionally, father argues that the trial court exceeded its authority in considering the mother's medical condition, contending that "the needs of the custodial parent are not relevant to a determination of child support." We reject both of these contentions.

The child support guideline, § 14–10–115, C.R.S. (1987 Repl.Vol. 6B), establishes a *rebuttable* presumption of the appropriate monthly child support obligation based on the parties' combined adjusted gross income. Sections 14–10–115(4)(a) and 14–10–115(10)(b), C.R.S. (1987 Repl.Vol. 6B); *In re Marriage of Miller,* 790 P.2d 890 (Colo. App.1990).

When the support guideline was adopted in 1986, the statute governing modification of support was amended by the addition of the following:

Application of the child support guideline . . . to the circumstances of the parties at the time of the filing of a motion for modification of the child support order which results in less than a ten percent change in the amount of support due per month shall be deemed not to be a substantial and continuing change of circumstances.

Colo.Sess.Laws 1986, ch. 120, § 14–10–122(1)(b) at 724.

Under the father's interpretation of the foregoing statutes, modification of support would be precluded as a matter of law unless the change in presumed support under § 14–10–115(10)(b) was ten percent or greater, irrespective of factors other than the parties' adjusted gross incomes which might justify the court in deviating from the statutory guideline. In other words, the father would transform the "rebuttable presumption" under § 14–10–115(3)(a), C.R.S. (1987 Repl.Vol. 6B) into a conclusive presumption under § 14–10–122(1) for purposes of support modification. We find this interpretation of the statute untenable and contrary to the public policy underlying the child support guideline.

The provisions of the Dissolution of Marriage Act, § 14–10–101, et seq., C.R.S. (1987 Repl.Vol. 6B), must be read *in pari materia,* and the act must be construed to give consistent, harmonious, and sensible effect to all parts. And, when statutes on the same subject are potentially conflicting, the court must reconcile the statutes, if possible, to avoid an inconsistent or absurd result. *In re Marriage of Dureno,* —— P.2d —— (Colo.App. No. 92CA0740, December 17, 1992).

The support guideline must be applied in "any action to establish or modify child support." Section 14–10–115(3)(a). Therefore, § 14–10–122(1), which requires for modification a showing of changed circumstances that are substantial and continuing, must be considered in conjunction with the support guideline in any action to modify support. *In re Marriage of Miller, supra.*

The guideline provides in pertinent part: [T]he child support guideline . . . shall be used as a *rebuttable presumption* for the establishment *or modification* of the

amount of child support. Courts may deviate from the guideline where its application would be inequitable. Any such deviation shall be accompanied by written or oral findings by the court specifying the reasons for the deviation. (emphasis added)

Section 14–10–115(3)(a).

The support guideline was developed by the Colorado Commission On Child Support, which stated in its report to the Governor:

The Colorado Child Support Guideline is designed to be applicable to a broad range of circumstances. However ... there are individual cases in which rigid application of a guideline would lead to inequitable results for *one of the parents* or a child. Examples might include *a seriously ill parent with substantial personal medical expenses,* a child with exceptional education requirements.... Since the full range of such possibilities cannot be reasonably anticipated in the design of any guideline, judges and referees must have the flexibility to address exceptional cases. (emphasis added)

Report of the Colorado Commission on Child Support, at 33 (1985).

It would be inconsistent and unjust to hold that a trial court may consider a parent's medical condition and extraordinary medical expense in initially determining child support, but cannot consider such factors in modifying support unless the presumed support under the guideline, based solely on the parties' adjusted gross incomes, would result in a change of ten percent or more.

■ Therefore, construing § 14–10–122(1)(b) *in pari materia* with § 14–10–115(3)(a), we hold that the presumption of support under the guideline may be rebutted for purposes of making a predicate showing of a substantial and continuing change of circumstances under § 14–10–122(1). Accordingly, if, as here, the change in presumed support under the guideline is less than 10 percent, the parent seeking modification shall be permitted to establish facts and circumstances that would justify the trial court in deviating from the support guideline and can further establish that such circumstances are substantial and continuing.

When a party has made such a showing, the trial court may in its discretion deviate from the guideline and modify child support, provided the court makes specific findings of fact to justify the deviation.

■ Additionally, we reject the father's contention that "the needs of the custodial parent are not relevant to a determination of child support." In determining child support, the trial court is required to consider "all relevant factors," including those factors specifically enumerated under the statute, which include the "financial resources of the custodial parent." Section 14–10–115(1)(b), C.R.S. (1987 Repl.Vol. 6B).

■ Therefore, here, the trial court properly considered the mother's medical condition, the resultant loss of her employment, the extraordinary medical expenses related thereto, and the likelihood that mother will continue to incur substantial medical expenses in the foreseeable future. It is readily apparent from the record that these factors directly impact the mother's financial circumstances, if not her adjusted gross monthly income.

II.

Father next argues that the trial court erred in awarding an income tax exemption for one of the parties' two minor children to the mother. Again, we find no error.

The current IRS regulations create a presumption that the custodial parent is entitled to any dependency exemptions, absent a signed written declaration on a prescribed IRS form that the custodial parent will not claim the child (or children) for tax purposes. *See* 26 U.S.C. § 152(e)(1) and (2) (1988); *In re Marriage of Beyer,* 789 P.2d 468 (Colo.App.1989).

■ In this case, because mother had established a requisite showing of a substantial and continuing change of circumstances, the trial court was authorized to modify the terms of the original dissolution decree which had awarded the dependency

exemptions for both children to the father. *In re Marriage of Larsen*, 805 P.2d 1195 (Colo.App.1991).

The trial court granted the mother the right to claim the tax exemption for the parties' youngest child in alternating years commencing with the year 1991. We conclude that this award is supported by the record and was fully within the trial court's discretion. *See In re Marriage of Nielsen*, 794 P.2d 1097 (Colo.App.1990).

## III.

Finally, father contests the award of attorney fees on the ground that the mother failed to make a full disclosure of her financial resources. We find no reversible error.

The record before us indicates that father raised no challenge to the validity of mother's financial affidavit in the trial court. Thus, the error, if any, was waived, and we do not consider it on appeal. *See In re Marriage of Fifield*, 776 P.2d 1167 (Colo.App.1989).

Finally, we address mother's request for an award of attorney fees for this appeal. Contrary to her contention, this appeal is not frivolous. Therefore, we deny her request for damages and costs under C.A.R. 38(d). However, insofar as mother requests attorney fees for this appeal pursuant to § 14–10–119, C.R.S. (1987 Repl.Vol. 6B), such application properly is made to the trial court. *See In re Marriage of Meisner*, 715 P.2d 1273 (Colo.App. 1985).

The order is affirmed.

PIERCE and METZGER, JJ., concur.