In re the MARRIAGE OF John Lees ARMIT, Jr., Appellee,

and

Ann Emerson Armit, Appellant.

No. 93CA1421.

Colorado Court of Appeals, Div. V.

June 2, 1994.

John Lees Armit, Jr., pro se.

Thomas C. Henley, Colorado Springs, for appellant.

Opinion by Judge RULAND.

In this post-dissolution of marriage proceeding, Ann Emerson Armit (mother) appeals an order modifying the child support obligation of John Lees Armit, Jr. (father). We affirm in part, reverse in part, and remand with directions.

The parties' marriage was dissolved in 1988. Father appealed the permanent orders, including the calculation of his income for child support purposes, and this court affirmed. *In re Marriage of Armit,* (Colo. App. No. 88CA0665, May 18, 1989) (not selected for official publication).

In 1990, the parties stipulated that father's child support obligation for their two children would be a total of $630.57 per month "until at least one of the children emancipate[s] or until further Court Order."

In May 1992, father moved for reduction of his obligation, citing decreased business income. However, he subsequently withdrew that motion.

Also in May 1992, mother moved for determination of the child support due for the younger child beginning in the fall of 1992, when the older child was scheduled to enter college.

An intervening contempt proceeding against father for his failure to provide discovery as to his income was not concluded until November 1992. The court's docket and an unsuccessful mandatory mediation further delayed the hearing on mother's motion until July 1993.

After that hearing, the trial court found that "[t]here really is no factual dispute" about the parties' incomes and that father's child support obligation for the younger child would be $601.55 per month. The court made that modification effective from September 1992 through November 1992, the period of the discovery and contempt dispute, and from August 1993 forward. The court did not specify the amount of support due for December 1992 through July 1993. The court also denied mother's request for interest on the retroactively modified support.

I.

Mother contends that the trial court erred in refusing to modify child support retroactively for the entire period of September 1992 through July 1993. We agree.

Section 14–10–122(1)(d), C.R.S. (1993 Cum. Supp.) provides:

> If maintenance or child support is modified pursuant to this section, the modification should be effective as of the date of the filing of the motion, unless the court finds that it would cause undue hardship or substantial injustice.

Here, the trial court determined that the delay from November 1992 through July 1993 in holding the hearing on mother's motion was "not the fault of either party." The court then stated that it was not customary in that court to order retroactive child support if the delay in determining the issue resulted from congestion in the docket. Although the court concluded that it would work an injustice to modify father's support obligation retroactively, it made no additional factual findings that support such a conclusion.

■ We perceive no basis in the language of the statute for concluding that docketing delays excuse or reduce a parent's child support obligation. Instead, the statute quoted

above suggests that financial loss occasioned by such delays should be avoided by making the modification retroactive.

■ Further, while father may be inconvenienced financially by the order to pay the amount due for the child's past support, we are unable to conclude that an undue hardship or substantial injustice is created merely by enforcing his properly calculated obligation to support his child. *See In re Marriage of Nielsen,* 794 P.2d 1097 (Colo.App. 1990) (deviation from the guideline amount of support is not justified by hardship resulting solely from application of the guideline, absent other unusual or unique financial circumstances); *see also In re Marriage of Cargill,* 843 P.2d 1335 (Colo.1993) (financial inconvenience caused by a reinstatement of maintenance does not amount to prejudice).

Therefore, on remand, the trial court is directed to modify father's child support obligation at the rate of $601.55 per month for the entire period of September 1992 through July 1993.

## II.

■ Mother also contends that the trial court erred in denying her an award of interest under § 14–14–106, C.R.S. (1993 Cum. Supp.) on the retroactively modified child support. She argues, in essence, that interest accrued on the modified support before the modification order was entered. We disagree.

■ The right to interest, absent an agreement to pay it, is purely statutory, *I.M.A., Inc. v. Rocky Mountain Airways, Inc.,* 713 P.2d 882 (Colo.1986), and is limited to those circumstances enumerated in the statute. *See Weaver v. First National Bank,* 138 Colo. 83, 330 P.2d 142 (1958); *cf. In re Marriage of Plesich,* 881 P.2d 379 (Colo.App. 1994) (interest awarded as element of damages to enforce equitably the property division orders).

■ Under § 14–14–106:

Interest per annum at four percent greater than the statutory rate set forth in section 5–12–101, C.R.S., on any arrearages and child support debt due and owing may be collected by the judgment creditor....

However, a division of this court has held that: "Each installment of child support which matures *pursuant to a child support order* and which remains unpaid becomes a money judgment as a matter of law...." *In re Marriage of Schutte,* 721 P.2d 160, 162 (Colo.App.1986) (emphasis added). Thus, when child support is ordered, due, and unpaid, interest accrues on each installment from the date it was due. *In re Marriage of Pote,* 847 P.2d 246 (Colo.App.1993); *In re Marriage of Schutte, supra.*

Here, mother seeks an award of interest on the modified support ordered for the period September 1992 through July 1993. However, that modified support did not "mature pursuant to a child support order" or become a judgment until the order for it was entered in July 1993. In these circumstances, no arrearages or debt arose before July 1993. Therefore, under § 14–14–106 allowing interest on "arrearages and child support debt," mother is not entitled to the interest she seeks.

The order is reversed as to the period for which father's child support obligation was modified, and it is affirmed in all other respects. The cause is remanded to the trial court for entry of an amended order consistent with the views expressed in this opinion.

HUME and CASEBOLT, JJ., concur.