**In re the MARRIAGE OF Carol TROUT, Appellee,**

**and**

**Roger Trout, Appellant.**

**No. 93CA2082.**

Colorado Court of Appeals, Div. II.

Sept. 22, 1994.

Rehearing Denied Nov. 17, 1994.

Certiorari Denied June 19, 1995.

---

No appearance for appellee.

Marcia Minuck, Denver, for appellant.

Opinion by Judge CRISWELL.

Roger Trout (husband) appeals from post-decree orders with respect to maintenance,

child support, and attorney fees that were awarded to Carol Trout (wife). We affirm in part, reverse in part, and remand with directions.

## I.

Husband first contends that the trial court erred in denying his motion to modify maintenance because the record showed that wife's income had increased since the date of decree, while his income had decreased and his debt obligations remained the same. We are not persuaded.

The fact that a spouse enjoys increased income does not necessarily require the conclusion that an initial award of maintenance has been rendered unconscionable. Whether a change is so substantial and continuing as to render the prior order unconscionable requires examination of the totality of the circumstances. *In re Marriage of Udis*, 780 P.2d 499 (Colo.1989).

Here, the extensive findings of the trial court demonstrate that it evaluated the entire circumstances of the parties under the appropriate standard. *See In re Marriage of Anderson*, 638 P.2d 826 (Colo.App.1981) (issue is not whether, based upon current financial circumstances, trial court would have awarded same amount of support as set forth in the decree).

Further, the court's conclusions that the wife's need for maintenance is real and continuing and that husband earns enough income to pay the sum of $250 per month are sufficient to support the order denying modification. *In re Marriage of Udis, supra.*

## II.

Husband next asserts that the trial court's award of attorneys fees to wife is not supported by the required findings and that the record is devoid of any evidence that the amount awarded was reasonable. We agree that the award must be reconsidered.

In its November 1993 order, the trial court originally ordered that husband bear one-half of the wife's attorney fees since it determined that those fees had been incurred in connection with the motion to modify mainte-

nance. However, the court later granted wife's motion to amend the order as to the award of attorney fees. In its January 14, 1994 order, the court ruled that attorney fees would be liquidated and entered judgment against husband for the sum of $1,972.88, which represented one-half the fees incurred by wife. Husband filed an amended notice of appeal from that order.

A trial court may consider a party's actions in initiating unwarranted proceedings when determining whether to award attorney fees. *In re Marriage of Peterson*, 40 Colo. App. 115, 572 P.2d 849 (1977). However, the award should be primarily based upon the purpose of apportioning the costs and fees of an action equitably between the parties and not as a means of punishing a party. *In re Marriage of Hauger*, 679 P.2d 604 (Colo.App. 1984).

Here, the award of attorney fees was apparently based entirely upon the conclusion that husband's motion to modify maintenance was denied. This was an impermissible basis, alone, upon which to award attorney fees.

Further, although the record contains copies of the billings that wife received from her attorney, which were admitted without objection and which the court presumably considered before entering its latter order, the court made no specific findings showing how it arrived at the amount ordered. Nor was the reasonableness of the fees awarded established.

Accordingly, the award of attorney fees in neither order can stand, and the matter must be remanded for reconsideration and for further findings to support any specific award that is made. *See In re Marriage of Sarvis*, 695 P.2d 772 (Colo.App.1984). The court may allow the further presentation of evidence upon this subject if it determines it is appropriate to do so.

## III.

Husband also contends that the trial court abused its discretion in directing the parties to divide the federal tax exemptions without hearing any evidence or making appropriate findings on that issue. We agree.

■ The provisions of any decree respecting the award of an income tax exemption may be modified upon a showing of changed circumstances that are substantial and continuing. Section 14–10–122(1)(a), C.R.S. (1994 Cum.Supp.). *See In re Marriage of Ford,* 851 P.2d 295 (Colo.App.1993). The award of such exemption is intimately related to the issue of child support. *In re Marriage of Nielsen,* 794 P.2d 1097 (Colo.App.1990).

Further, § 14–10–115(14.5), C.R.S. (1994 Cum.Supp.), which became effective August 1, 1992, provides that:

Unless otherwise agreed upon by the parties, the court shall allocate the right to claim dependent children for income tax purposes between the parties. These rights shall be allocated between the parties in proportion to their contributions to the costs of raising the children. A parent shall not be entitled to claim a child as a dependent if he or she has not paid all court-ordered child support for that tax year or if claiming the child as a dependent would not result in any tax benefit.

Here, the trial court modified the allocation as requested by wife in her closing argument without finding any substantial and continuing changed circumstances that would justify modification of the existing order, which awarded both exemptions to father. Nor did the court make the findings required by § 14–10–115(14.5) with respect to such entitlement.

Therefore, the order allocating the exemption to the parties in alternating years must be reversed and the cause remanded to the trial court with directions to reconsider whether a change in the allocation of the tax exemption is warranted and, if so, to make all appropriate findings as required. The court may take additional evidence as it deems necessary. *See In re Marriage of Lee,* 781 P.2d 102 (Colo.App.1989).

## IV.

■ Husband also contends that the trial court erred in ordering that "the parties shall automatically adjust child support for any cost of living increase which [husband] receives." He argues that neither the evidence nor the law supports an automatic modification based solely on a possible increase that he might receive in the future. We agree.

Section 14–10–115(3)(b)(II), C.R.S. (1994 Cum.Supp.) provides that the parties may agree, or the court may require them, to exchange financial information once a year, or less often, for the express purpose of updating and modifying a child support order without a court hearing.

■ Further, § 14–10–122(1)(b), C.R.S. (1987 Repl.Vol. 6B) provides that application of the child support guidelines to circumstances which result in less than a ten percent change in the amount of support per month shall be deemed not to be a substantial and continuing change of circumstances. However, a party may establish facts and circumstances that justify deviation from the guideline based on other substantial and continuing circumstances. *In re Marriage of Ford,* 851 P.2d 295 (Colo.App.1993).

Thus, we conclude that the court is without authority to create a presumption of changed circumstances that alone would require modification of a support order. *Cf. In re Marriage of Davis,* 44 Colo.App. 355, 618 P.2d 692 (1980) (prohibiting such a presumption as to maintenance); *In re Marriage of Pierce,* 720 P.2d 591 (Colo.App.1985) (exclusive use of formulas is the province of the General Assembly).

Here, the court's order, in effect, creates such a presumption only as to husband's income. Thus, while the court can order both parties to exchange relevant financial information, it may not order an automatic increase in child support based solely upon a cost of living raise that husband might receive.

Accordingly, that part of the order requiring an automatic adjustment based solely upon husband's income is reversed. Because this cause is being remanded on other issues, the court may reconsider whether to order the exchange of financial information under § 14–10–115(3)(b)(II).

## V.

■ Finally, husband asserts that the trial court erred in determining that, because a

payment was missed, the standard for activation of a wage assignment had been met, and he argues that a wage assignment should not have been activated. We agree.

Under § 14–14–107(5)(b), C.R.S. (1987 Repl.Vol. 6B), the statute applicable here, a wage assignment could not be activated unless by request of the obligor or by agreement of the parties, or unless the obligee filed an advance notice of activation to enforce a support order. *Cf.* § 14–14–111(2)(b)(I), C.R.S. (1994 Cum.Supp.) (effective January 1, 1994, a wage assignment may automatically be ordered as part of a child support order). And, § 14–14–107, C.R.S. (1994 Cum.Supp.) sets forth the procedures required to activate a wage assignment. *See In re Marriage of Watters,* 782 P.2d 1220 (Colo.App.1989).

Here, a review of the record, which according to the designation included all pleadings and orders in the case, shows that § 14–14–107(5)(b) was not complied with. Accordingly, we agree that the order for activation of the wage assignment was in error.

Those portions of the orders awarding attorney fees, activating a wage assignment, ordering an automatic adjustment of child support for cost of living increases received by husband, and allocating the federal tax exemptions are reversed, and the cause is remanded to the trial court for further proceedings consistent with the views set forth in this opinion. In all other respects, the orders are affirmed.

MARQUEZ and TAUBMAN, JJ., concur.