In re the MARRIAGE OF Daniel Alan OBERG, Appellee and Cross–Appellant,

and

Christina Marie Oberg, Appellant and Cross–Appellee.

No. 93CA1621.

Colorado Court of Appeals, Div. IV.

Nov. 17, 1994.

As Modified on Denial of Rehearing Jan. 12, 1995.

Certiorari Denied July 31, 1995.

Litvak and Litvak, P.C., Ronald D. Litvak, Amy V. Williams, Denver, for appellee and cross-appellant.

Theodore A. Borrillo, Doris A. Waters, Denver, for appellant and cross-appellee.

Opinion by Judge ROTHENBERG.

In this post-dissolution of marriage proceeding, Christina Marie Oberg (mother) appeals the order allocating a tax dependency exemption and denying her request for an award of attorney fees. Daniel Alan Oberg (father) cross-appeals the order calculating child support and denying him an adjustment for a child of his subsequent marriage. We affirm the denial of attorney fees, reverse the orders as to the tax exemption, affirm in part and reverse in part the child support calculation, and remand for additional findings and new orders. We also direct the trial court to clarify the record.

I.

■ Father contends that, in determining his child support obligation for the parties' child, the trial court erred in failing to adjust his income in light of his obligation to support a subsequent child. We agree in part.

Father's contention mainly concerns the meaning of "previously existing support order" as that phrase is used in § 14–10–115(7)(d.5), C.R.S. (1994 Cum.Supp.). That statute provides:

(I) At the time of the initial establishment of a child support order or in any proceeding to modify a support order, if a parent is also legally responsible for the support of other children for whom the parents do not share joint legal responsibility, an adjustment shall be made revising such parent's income prior to calculating the basic child support obligation for the children who are the subject of the support order. . . .

(II) The adjustment pursuant to this paragraph (d.5), based on the responsibility to support other children, shall not be made to the extent that the adjustment contributes to the calculation of a support order lower than a *previously existing support order* for the children who are the subject of the modification hearing at which an adjustment is sought. (emphasis added)

■ The statute thus provides an adjustment for support obligations for other children, but only if the adjustment will not reduce the amount due under "a previously existing support order" for the children of the marriage. *In re Marriage of Ansay,* 839 P.2d 527 (Colo.App.1992); *cf. People in Interest of C.D.,* 767 P.2d 809 (Colo.App.1988); *In re Marriage of Rosser,* 767 P.2d 807 (Colo.App.1988) (pre-dating the adoption of § 14–10–115(7)(d.5) and allowing adjustment for a subsequent child).

Here, the parties' marriage was dissolved in 1990, and the decree incorporated their separation agreement. Mother received custody of their child, and father was ordered to pay $367 per month child support. In March 1992, father's child support obligation was increased to $599 per month, effective February 1992.

In August 1992, mother filed a motion seeking another increase in child support based on changes in the parties' incomes. In response, in September and October 1992, father admitted the income changes, but asked for modification of other provisions of the separation agreement. Father and his new wife had another child in December 1992, after which he asked for an adjustment based on his obligation to support that child.

The trial court heard argument from the parties' attorneys on August 12, 1993. The court then denied father an adjustment based on his subsequent child, and it increased child support to $744 per month retroactive to August 1992, the date when mother filed her motion for increase.

The new order increasing child support was entered and "made an Order of the

Court, this 22 day of October, 1993, nunc pro tunc August 12, 1993," the date of the hearing. Also, the court specifically made its order retroactive "to August 1, 1992 in accordance with the authority of the child support guidelines and statutes." The court found that "retroactive application of the child support to date of the request and stipulation of the parties is necessary to avoid injustice to the minor child that may be occasioned by delay in the Court proceedings due to the congested Court docket and any other causes for delay."

Initially, we reject father's argument that the trial court should have considered the parties' circumstances as they existed in August 1992, when mother filed her motion and as they were in August 1993, at the time of the hearing. *See In re Marriage of Edwards,* 39 Colo.App. 26, 560 P.2d 849 (1977); *see also* § 14–10–122(1)(d), C.R.S. (1994 Cum.Supp.) (the court may modify installments of child support due between the filing of the motion and the entry of the order even if the circumstances justifying the modification no longer exist at the time the order is entered); *cf. In re Marriage of Kimbrough,* 784 P.2d 852 (Colo.App.1989) (court may not speculate on future circumstances). The record shows that the trial court properly considered all relevant circumstances.

Next, we note that father does not challenge the retroactive effect of the $744 modification to August 1, 1992, nor the amount of that modification. Thus, the trial court correctly set child support for the parties' child at $744 per month retroactive to August 1992. *See* § 14–10–122(1)(d), C.R.S. (1994 Cum.Supp.); *In re Marriage of Armit,* 878 P.2d 101 (Colo.App.1994).

However, father does challenge the trial court's refusal to give him an adjustment for his subsequent child born in December 1992.

The trial court refused the adjustment because it concluded that its retroactive modification of $744 per month in child support to August 1992 constituted a "previously existing" order for the purpose of determining whether father was entitled to an adjustment

for the subsequent child born in December 1992. Thus, using the court's calculation, a new order taking into account the December 1992 child would have resulted in a support order lower than the $744 per month "previously existing" order.

 However, the father contends that the trial court erred because the "previously existing order" was not the $744 order. Rather, it was the $599 order in existence at the time the parties filed their motions for modification. We agree with father and hold that, for the purpose § 14–10–115(7)(d.5)(II), an order first "exists" on the date that it is actually entered by the court, even though it may be *nunc pro tunc* to the date of an earlier hearing and also retroactively effective as of the date of the motion to modify. *See generally In re Marriage of Spector,* 867 P.2d 181 (Colo.App.1993) (*nunc pro tunc* effect of an order cannot reduce the time nor defeat the right to seek review).

In reaching this conclusion, we give the plain and unambiguous words of the statute their familiar and generally accepted meaning and avoid any strained or unusual interpretation. *See* § 2–4–101, C.R.S. (1980 Repl. Vol. 1B); *Harding v. Industrial Commission,* 183 Colo. 52, 515 P.2d 95 (1973).

A "previously existing support order" is one already entered by the court. *See* C.R.C.P. 58; *Webster's Third New International Dictionary* 796 (1976 ed.) (existing means an actual or present occurrence). *See also In re Marriage of Armit, supra* (interest accrues on an order retroactively modifying child support from the date the order is entered, not from the date the modification is made effective).

Here, the $744 per month child support order was entered in October 1993, *nunc pro tunc* August 1993, and was made retroactive to August 1992. It was not a "previously existing" order before it actually was entered by the court. To the contrary, until October 1993, when the new order for $744 was entered, the "previously existing" order was the child support order entered March 1992 for $599.

Because the trial court made its calculations based upon the incorrect "previously existing order," we remand for a reconsideration of father's request for the adjustment for the child of his subsequent marriage.

According to the calculation already made by the court, it appears that such an adjustment would result in a child support obligation of $672 per month which exceeds the amount of the $599 per month previously existing order. Thus, absent other relevant circumstances, father will be entitled to the adjustment under § 14–10–115(7)(d.5)(II). We decline, however, to order the adjustment as a matter of law.

■ Under § 14–10–115(3)(a), C.R.S. (1994 Cum.Supp.), a trial court has discretion to deviate from the child support guideline when such application would be inequitable, unjust, or inappropriate. Previously, in determining the mother's August 1992 motion for increase, the court found that an injustice had resulted from delays. On remand the court may determine whether strict application of the guideline, including § 14–10–115(7)(d.5), is appropriate under these particular circumstances. Also, on remand, the trial court should determine the effective date for any adjustment due father for the subsequent child.

## II.

■ Mother contends that the trial court lacked jurisdiction to reallocate the tax dependency exemption in violation of the parties' separation agreement and the statutory prohibition. We disagree.

Section 14–10–115(14.5), C.R.S. (1994 Cum. Supp.), adopted effective August 1, 1992, provides:

Unless otherwise agreed upon by the parties, the court shall allocate the right to claim dependent children for income tax purposes between the parties. These rights shall be allocated between the parties in proportion to their contributions to the costs of raising the children. A parent shall not be entitled to claim a child as a dependent if he or she has not paid all court-ordered child support for that tax year or if claiming the child as a dependent would not result in any tax benefit.

Contrary to mother's argument, we do not read the phrase "unless otherwise agreed upon by the parties" to mean that once the parties agree on an allocation, and include it in their agreement, the court is thereafter deprived of jurisdiction to modify that allocation. In our view, that phrase indicates that the trial court must apply the statutory allocation method based on the "proportion of [the parties'] contributions to the costs of raising the children" only if the parties have not agreed on another method of allocation.

■ As the trial court noted here, the terms of a separation agreement concerning child support are subject to modification under §§ 14–10–112(6) & 14–10–122(1)(a), C.R.S. (1994 Cum.Supp.). And, because the award of the tax exemption is intimately related to the issue of child support, we conclude that the provisions of any decree regarding the award of tax exemptions may be modified upon a showing of changed circumstances that are substantial and continuing. *See In re Marriage of Trout*, 897 P.2d 838 (Colo.App.1994); *In re Marriage of Ford*, 851 P.2d 295 (Colo.App.1993).

Thus, we conclude that the trial court had jurisdiction to consider father's motion for modification of the provision of the parties' separation agreement allocating the tax exemption to mother.

## III.

■ However, we agree with mother that, in reallocating the tax exemption to the parties in alternating years, the trial court erred in failing to conduct an evidentiary hearing and to make appropriate factual determinations based upon such hearing.

Here, the court heard argument on the parties' motions, but did not receive evidence about the tax exemption. Further, it modi-

fied the allocation without making the required findings as to there being substantial and continuing changed circumstances that justified modification of the parties' existing agreement.

For these reasons, the order allocating the exemption to the parties in alternating years must be set aside, and the matter remanded for reconsideration of whether a change in the allocation of the tax exemption is warranted. *See In re Marriage of Trout, supra; In re Marriage of Ford, supra; see also In re Marriage of Larsen,* 805 P.2d 1195 (Colo. App.1991). On remand, the court may take additional evidence as it deems necessary. *See In re Marriage of Trout, supra.*

If the court concludes that a modification is warranted, it should apply § 14–10–115(14.5) to reallocate the exemption between the parties. Also, it must determine whether father is current with his support obligations and whether he would receive any tax benefit from the exemption.

### IV.

Mother next contends that the trial court erred in denying her request for attorney fees under either § 13–17–102, C.R.S. (1987 Repl.Vol. 6A) or § 14–10–119, C.R.S. (1987 Repl.Vol. 6B). We disagree.

Under § 13–17–102, a trial court may award attorney fees if it finds that a claim or defense is frivolous or groundless. The determination whether a claim or defense is frivolous or groundless is a question of fact for the trial court, and that determination will not be disturbed if it is supported by the record. A claim or defense is frivolous if no rational argument based on the evidence or law is presented, and it is groundless if not supported by any credible evidence. *Western United Realty, Inc. v. Isaacs,* 679 P.2d 1063 (Colo.1984).

Here, mother asserts that father's refusal to resolve the child support calculation without court intervention lacked substantial justification. However, the trial court's determination that father's action was not frivolous or groundless is adequately supported.

Further, under § 14–10–119 the trial court has broad discretion in awarding attorney fees after considering the parties' financial resources. *In re Marriage of DaFoe,* 677 P.2d 426 (Colo.App.1983). The court did not abuse its discretion in weighing the parties' resources as it did. *See In re Marriage of Connell,* 831 P.2d 913 (Colo.App.1992).

### V.

Finally, we note that mother's second amended notice of appeal includes three similar, signed orders concerning the tax exemption, separation agreement, and attorney fees. Two of the three orders appear in the trial court record. However, the minute order indicates that on August 19, 1993, the court entered an "order regarding tax exemption, modif of separation agreement, and attorneys fees, made order of crt npt to aug 12, 93 [sic]." Only one of the three orders fits our understanding of that abbreviated description, and accordingly, we have reviewed that order. On remand, the trial court should clarify the record by vacating the other two orders, both of which are entitled "Court Order Regarding Tax Exemption, Separation Agreement P3.4, and Attorney Fees."

That part of the order modifying child support and denying father's request for an adjustment to his support obligation based upon his subsequent child is reversed, and the cause is remanded for reconsideration of that request in accordance with the views expressed in this opinion. Until a new order is entered, the present order for $744 per month shall remain in effect, with the parties to receive reimbursement or credit for any resulting underpayment or overpayment. That part of the order allocating the tax dependency exemption also is reversed, and the cause is remanded for further proceedings consistent with this opinion. That part of the order denying mother's request for an award of attorney fees is affirmed.

MARQUEZ and CASEBOLT, JJ., concur.