24CA1197 Marriage of Bird 02-19-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA1197
El Paso County District Court No. 21DR32742
Honorable William H. Moller, Judge

---

In re the Marriage of

Greg Alan Bird,

Appellee,

and

Carolyn Deaderick Bird,

Appellant.

---

ORDER AFFIRMED IN PART, REVERSED IN PART,
AND CASE REMANDED WITH DIRECTIONS

Division I
Opinion by JUDGE J. JONES
Lum and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 19, 2026

---

Law Office of Joel M Pratt, Joel M. Pratt, Colorado Springs, Colorado, for
Appellee

Wells Family Law, P.C., Chelsea M. Augelli, Denver, Colorado, for Appellant

¶ 1    In this post-dissolution of marriage proceeding involving Greg Alan Bird (husband) and Carolyn Deadrick Bird (wife), wife appeals from the district court's order denying her motion to modify maintenance. We affirm the portion of the order denying wife's motion to modify maintenance but reverse the portion of the order awarding husband attorney fees. We remand the case for the district court to make additional findings on husband's motion for an award of fees incurred in responding to wife's motion and to consider his request for appellate attorney fees.

I.    Background

¶ 2    In 2022, the district court dissolved the parties' marriage of nearly twenty years. In the corresponding permanent orders, the court awarded husband maintenance in the amount of $4,297.65 per month for a term of eight years. In determining maintenance, the court imputed to husband an income of $3,207 per month, which represented full-time employment at minimum wage. After excluding the $4,575 per month that wife received from her military pension, the court found wife's income to be $19,136 per month.

¶ 3    In October 2023, wife moved to modify maintenance, citing the involuntary loss of her job and her subsequent acceptance of a new,

lower-paying job.  After a hearing, the district court denied wife's motion because wife had failed to show a substantial and continuing change of circumstances that made the terms of the original maintenance award unfair.

¶ 4     Based on a finding that wife's motion to modify maintenance lacked substantial justification under section 13-17-102, C.R.S. 2025, the court awarded husband attorney fees in the amount of $17,805.32.

## II.    Preservation

¶ 5     As an initial matter, we reject husband's assertion that wife failed to preserve for appeal every issue raised in her opening brief. It is well established that "a party is not required to object to the trial court's findings in the trial court to preserve a challenge to those findings," *People in Interest of D.B.*, 2017 COA 139, ¶ 30, and we view wife's contentions as constituting a challenge to the district court's findings.  Moreover, we disagree with husband that, as to her argument concerning her military pension, wife took positions before the district court that were so inconsistent as to constitute a waiver of her claim.  We thus consider the merits of wife's appeal.

### III. Modification of Maintenance

¶ 6      Wife asserts that the district court committed multiple errors when it denied her motion to modify maintenance.  We disagree.

#### A. Standards of Review and Applicable Law

¶ 7      Maintenance may be modified "only upon a showing of changed circumstances so substantial and continuing as to make the [existing] terms unfair." § 14-10-122(1)(a), C.R.S. 2025; *see In re Marriage of Young*, 2021 COA 96, ¶ 12; *see also* § 14-10-114(5)(a), C.R.S. 2025 (section 14-10-122 governs the modification of maintenance awards).

¶ 8      Motions to modify maintenance aren't considered under the same standards as initial awards.  *Young*, ¶ 16; *see also Aldinger v. Aldinger*, 813 P.2d 836, 840 (Colo. App. 1991) (considering a motion to modify under the same standards as an original award would give no real meaning to the modification statute).  The issue in modification cases is not whether, based on the parties' current financial circumstances, the court would have entered the same maintenance award: "[A] much more demanding standard" applies — whether, under the totality of the circumstances, the change is so substantial and continuing as to render the original award

3

unfair. *Young*, ¶ 16; *In re Marriage of Trout*, 897 P.2d 838, 840 (Colo. App. 1994); *see also Aldinger*, 813 P.2d at 840 (recognizing that the more demanding standard helps prevent "the filing of motions to modify each time there is any change in the earning ability or needs of a party"). While the court may consider the factors in section 14-10-114(3) — the statute governing the amount of the initial maintenance award — it isn't required to address all the factors. *Young*, ¶ 17.

¶ 9     We review a court's order declining to modify maintenance for an abuse of discretion. *Id.* at ¶ 7. "[W]e must construe the evidence in the light most favorable to the prevailing party" and we will defer to the court's findings unless they lack record support. *In re Marriage of Nelson*, 2012 COA 205, ¶ 27; *see In re Marriage of Gibbs*, 2019 COA 104, ¶ 9. We won't disturb the court's decision unless it was manifestly arbitrary, unfair, or unreasonable, or based on a misapplication of the law. *Young*, ¶ 7. "So, instead of asking 'whether we would have reached a different result,' we ask 'whether the court's decision fell within a range of reasonable options.'" *Antero Treatment LLC v. Veolia Water Techs., Inc.*, 2023 CO 59, ¶ 34 (quoting *Churchill v. Univ. of Colo.*, 2012 CO 54, ¶ 74).

## B.  Voluntary Underemployment

¶ 10    Wife first argues that the district court made unsupported findings that she was voluntarily underemployed.  We disagree.

¶ 11    A relevant consideration for the district court when determining whether to modify maintenance is the payor spouse's ability to meet her needs while paying maintenance.  § 14-10-114(3)(c)(II).

¶ 12    The court may consider a party's potential income when considering a request to modify if it finds that the party is voluntarily underemployed.  *See In re Marriage of Thorstad,* 2019 COA 13, ¶ 5, *superseded by statute on other grounds,* Ch. 176, sec. 1, § 14-10-114(5)*,* 2013 Colo. Sess. Laws 648, *as stated in Young,* ¶ 13; *see also Nelson,* ¶ 23 (when determining whether to modify maintenance, a payor spouse's "income is relevant only to the extent it is indicative of the spouse's ability to meet his or her own needs while also meeting the needs of the payee-spouse").  Voluntary underemployment occurs when a party is shirking her financial obligation by unreasonably forgoing higher paying employment that the party could obtain.  *Young,* ¶ 22.  In making this determination, the court considers all relevant factors,

including a party's post-termination conduct, job search efforts, and refusal to accept employment at a higher salary. *People v. Martinez*, 70 P.3d 474, 480 (Colo. 2003).

¶ 13    Whether a party is voluntarily underemployed is typically a question of fact for the district court, and we won't disturb that determination if it has record support. *Id.*; *In re Marriage of Tooker*, 2019 COA 83, ¶ 27.

¶ 14    The district court found that wife made a "voluntary" decision to make less money at her current job than her prior job. The court specifically cited wife's decision, upon losing her prior job, to immediately take a new position paying $130,000 per year, which represented a $60,000 pay cut. The court found that wife did not look for any other jobs before accepting her current job and, because she likes her current job, she hadn't made any subsequent attempts to secure a higher paying position.

¶ 15    We perceive no error because the record supports the district court's determination that, as of the modification hearing, wife was voluntarily earning less money than at the time of the original maintenance award. *See Tooker*, ¶ 27. It was undisputed that, within days of being laid off, wife took the first job that she was

offered at a significantly lower salary than her prior position. And wife testified that she was content with her new job and therefore she hadn't attempted at any point to find employment with a salary comparable to that in her prior job.

¶ 16     According to wife, the district court nevertheless erred because it was husband's burden to demonstrate that she was voluntarily underemployed and husband introduced no evidence concerning her employment prospects beyond his own opinion. In support, wife cites *People in Interest of S.E.G.*, 934 P.2d 920, 922 (Colo. App. 1997), for the proposition that "[t]he burden of proof generally rests upon the party who asserts the affirmative of an issue."

¶ 17     But wife misreads *S.E.G.* in the context of her motion to modify maintenance. Whether maintenance should be modified because a substantial and continuing change of circumstances rendered the original award unfair was *the issue* to be decided by the district court. *See* § 14-10-122(1)(a). Therefore, wife had the burden of convincing the district court that such a change had in fact occurred, including providing sufficient evidence to convince the court that any change was not merely the result of her voluntary underemployment. *See S.E.G.*, 934 P.2d at 922

(explaining that "the party seeking to change the status quo bears the burden of proof"); *cf. In re Marriage of Zappanti*, 80 P.3d 889, 892 (Colo. App. 2003) ("[A] party who fails to present sufficient evidence at trial should not be allowed on appeal to challenge the inadequacy of the evidence.").

¶ 18    While wife directs us to her testimony explaining that her prior salary of $190,000, which had resulted from multiple raises, was not a realistic starting salary at a new job, it is apparent to us from the district court's order that the court wasn't persuaded by her testimony.  And because "credibility determinations and the weight, probative force, and sufficiency of the evidence, as well as the inferences and conclusions to be drawn therefrom, are matters within the sole discretion of the trial court," *In re Marriage of Lewis*, 66 P.3d 204, 207 (Colo. App. 2003), we may not otherwise reweigh the evidence in wife's favor.  *See People in Interest of A.J.L.*, 243 P.3d 244, 249-56 (Colo. 2010) (reversing when the appellate court "improperly substituted its judgment for that of the trial court regarding the credibility of witnesses and the weight, sufficiency, and probative value of the evidence").

## C.  Wife's Military Pension and Child Support Income

¶ 19  We next consider and reject wife's contention that the district court abused its discretion by considering her military pension and child support income when denying her motion to modify maintenance.

¶ 20  Wife specifically contends that sections 14-10-114(8)(c)(II)(A) and 14-10-114(8)(c)(I)(H), which exclude child support and pension payments that have previously been divided as marital property from the definition of gross income, prohibited the court from considering her receipt of those income streams.  Here, the district court considered wife's receipt of both child support and her military pension, which had already been divided as property in the permanent orders, when it observed that her $19,136 per month in gross income that was used to calculate the initial maintenance award was comparable to the $19,741 in total monthly income reflected on her current sworn financial statement.  Included within the $19,741 per month figure was $1,000 per month in child support and approximately $4,000 per month from her military pension.

¶ 21     But we perceive no reversible error.  We agree with wife that her "[g]ross income," as defined in section 14-10-114(8)(c), doesn't include the amount she receives from her child support or from her military pension.  *See Young*, ¶ 16; *Aldinger*, 813 P.2d at 840.  However, nothing precluded the court from considering the child support and pension as part of the totality of the circumstances when determining whether a substantial and continuing change rendered the original maintenance award unfair.  *Young*, ¶ 16; *Trout*, 897 P.2d at 840.

¶ 22     While section 14-10-114(5) provides that a court weighing a motion to modify maintenance "may consider the guideline amount and term of maintenance and the statutory factors" set forth in section 14-10-114(3), nothing confines the court in a modification proceeding to the framework of section 14-10-114.  *See Young*, ¶¶ 14-15 (construing "may" in section 14-10-114(5) as being permissive as opposed to mandatory).  Indeed, under section 14-10-122, the district court doesn't err even if it fails to determine the parties' gross incomes.  *See id.* at ¶ 18.

¶ 23     Accordingly, we disagree with wife that the district court abused its discretion by considering her receipt of child support

and her military pension.  While the court may have been prohibited from considering those two income sources as "gross income" under sections 14-10-114(8)(c)(II)(A) and 14-10-114(8)(c)(I)(H), nothing precluded the court from considering that income in its assessment of the totality of the circumstances under section 14-10-122.  *See Trout*, 897 P.2d at 840.  Therefore, we can't say that the district court erred by considering wife's total income, as opposed to gross income under section 14-10-114(8)(c), when assessing whether the maintenance award had become unfair to wife.

## IV.   Attorney Fees

¶ 24     Wife lastly contends that the district court abused its discretion when it awarded husband attorney fees in the amount of $17,805.32 under section 13-17-102.  Because we agree with wife, we reverse the award of attorney fees.

¶ 25     We review an award of attorney fees for an abuse of discretion. *In re Estate of Shimizu*, 2016 COA 163, ¶ 15.  But we review de novo whether a court properly applied the law.  *See In re Marriage of Gallegos*, 251 P.3d 1086, 1087 (Colo. App. 2010).

11

¶ 26    A court shall assess reasonable attorney fees against a party if it finds that the party brought an action that lacked substantial justification, meaning that it was substantially frivolous, substantially groundless, or substantially vexatious. § 13-17-102(4); *see also Shimizu*, ¶ 26 (a vexatious claim is one brought or maintained in bad faith to annoy or harass another, including conduct that is arbitrary, abusive, stubbornly litigious, aimed at unwarranted delay, or disrespectful of the truth); *Remote Switch Sys., Inc. v. Delangis*, 126 P.3d 269, 275 (Colo. App. 2005) (a claim is frivolous if the proponent can present no rational argument based on the evidence or law to support it).

¶ 27    However, when a party isn't represented by an attorney, the court must also find that "the party clearly knew or reasonably should have known" that the action "was substantially frivolous, substantially groundless, or substantially vexatious" before it may assess attorney fees against that pro se party. § 13-17-102(6). Absent this finding, an order "awarding attorney fees cannot stand." *Artes-Roy v. Lyman*, 833 P.2d 62, 63 (Colo. App. 1992).

¶ 28    The court's written order found that wife's "Motion to Modify Spousal Maintenance lacks substantial justification and should be

12

deemed substantially frivolous, substantially groundless, or substantially vexatious." In a preceding oral ruling, the court explained that the premise of wife's motion "was based on changes in circumstances that she created and is now asking [husband] to pay for." The court also cited wife's failure to provide certain documents requested by husband during discovery, "thereby increasing the costs of litigation," and her failure to timely provide exhibits, which led the court to conclude that wife was attempting to proceed with "trial by ambush."

¶ 29    But nowhere did the court reference section 13-17-102(6) or find that wife, who was representing herself, clearly knew or reasonably should have known that her actions lacked substantial justification. *See* § 13-17-102(6). The court's only reference to wife's pro se status was a statement that pro se litigants were to be held to the same standards as a represented party.

¶ 30    Despite the lack of findings under section 13-17-102(6), husband argues that the award of attorney fees was nevertheless proper because the district court had previously warned wife against filing unnecessary motions while a hearing on her motion to modify maintenance was pending. But we don't perceive the

district court's warning to wife concerning the filing of superfluous pretrial motions as necessarily constituting a finding that she clearly knew or reasonably should have known that her actions in the filing and prosecution of her motion to modify maintenance lacked substantial justification. *See* § 13-17-102(6).

¶ 31 Husband also argues that there was record support for the district court's finding that wife's actions were substantially frivolous, groundless, or vexatious. But even assuming, without deciding, that husband is correct, such a finding doesn't satisfy the additional requirement for an attorney fee award against a pro se party under section 13-17-102(6).

¶ 32 Because the district court didn't make findings under section 13-17-102(6), we reverse the portion of the order awarding husband $17,805.32 in attorney fees and remand for the district court to determine whether wife knew or reasonably should have known that her motion lacked substantial justification. *See In re Marriage of Aldrich*, 945 P.2d 1370, 1379 (Colo. 1997); *In re Marriage of Aragon*, 2019 COA 76, ¶¶ 10-11; *In re Marriage of Gance*, 36 P.3d 114, 114, 119 (Colo. App. 2001).

## V. Appellate Attorney Fees

¶ 33    Asserting that wife's appeal lacks substantial justification, husband requests an award of his appellate attorney fees under section 13-17-102.  Given our disposition, we deny his request.

¶ 34    Husband also requests an award of his appellate attorney fees under section 14-10-119, C.R.S. 2025, due to the alleged disparities between the parties' respective economic circumstances.  Because the district court is better equipped to determine the factual issues regarding the parties' current financial resources, the district court should address this request on remand.  *See* C.A.R. 39.1; *In re Marriage of Schlundt*, 2021 COA 58, ¶ 54.

## VI. Disposition

¶ 35    Those portions of the district court's order denying wife's motion to modify maintenance are affirmed.  The portion of the order awarding husband attorney fees under section 13-17-102 is reversed, and we remand the case for the district court to make additional findings on husband's request for such fees under section 13-17-102(6).  On remand, the court shall also address husband's request for appellate attorney fees under section 14-10-

119.  Those portions of the order not challenged on appeal remain undisturbed.

JUDGE LUM and JUDGE MEIRINK concur.